RECEIPT # 65199
AMOUNT $ 250
SUMMONS ISSUED  w/f
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE 7-21-05

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL SHERMAN, )
 )
         Plaintiff, )
 )
VISION LAB TELECOMMUNICATIONS, )
INC., ON DEMAND MARKETING LLC, )
RANDY THOMASON, HIGHLAND )
MARKETING LLC, BELLSOUTH )
CORPORATION, TELEDATA SOLUTIONS, )
INC., and THE SUPPORT GROUP IN SWEDEN, ) **05 11545 NG**
AB, )
 )
         Defendants. ) MAGISTRATE JUDGE Sorokin

## NOTICE OF REMOVAL TO FEDERAL COURT
## PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446

Defendant, VISION LAB TELECOMMUNICATIONS, INC., a Florida Corporation ("Defendant" or "Vision Lab") by its attorneys, Goulston & Storrs P.C., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 hereby gives notice of removal of proceedings in the Trial Court of Massachusetts, Superior Court Department, Middlesex County between the above-captioned parties bearing Civil No. MICV2004-05030 to the United States District Court for the District of Massachusetts for the reasons set forth below.

1. Removal is authorized pursuant to 28 U.S.C. § 1441(a) where the District Courts of the United States have original jurisdiction. The District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 where the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states. As set forth below, these requirements are met.

2. Plaintiff Michael Sherman ("Sherman") has alleged that he resides at 54 Knowles Road, Watertown, Massachusetts 02472.

3.    Defendant Vision Lab is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 1680 Michigan Avenue, Suite 1106, Miami Beach, Florida 33139.

4.    The Complaint alleges that defendant On Demand Marketing LLC is a Californian limited liability company with its principal place of business in Costa Mesa, California.

5.    The Complaint alleges that defendant Randy Thomason is an individual residing in Costa Mesa, California.

6.    The Complaint alleges that defendant Highland Marketing LLC is an alien limited liability company with its principal place of business in Gibraltar.

7.    The Complaint alleges that defendant Bellsouth Corporation is a Georgia corporation with its principal place of business in Atlanta, Georgia.

8.    The Complaint alleges that defendant Teledata Solutions, Inc. is a Nevada corporation with its principal place of business in Westlake Village, California.

9.    The Complaint alleges that defendant The Support Group of Sweden AB is a Swedish limited liability company with its principal place of business in Stockholm, Sweden.

10.    The only process, pleadings, or order received by defendants in this action is a summons and complaint dated June 20, 2005 ("Summons" and "Complaint"), which was received by defendant Vision Lab on June 22, 2005. A copy of the Summons is annexed hereto as Exhibit A and the Complaint is annexed hereto as Exhibit B.

11.    Accordingly, there is complete diversity of citizenship among the parties to this action.

12.   As of July 20, 2005, only defendants Vision Lab, Bellsouth Corporation and Teledata Solutions, Inc. had been served with summons and complaints. However, both Bellsouth Corporation and Teledata Solutions, Inc. have advised counsel to Vision Lab that they contest personal jurisdiction in Massachusetts and assert that service of process on them has not been properly effected.

13.   Sherman's claims against Bellsouth Corporation and Teledata Solutions, Inc. are exclusively for a bill of discovery. Accordingly, they are not necessary or true parties in interest in this litigation. Further, their claims, standing alone would not be subject to removal. Therefore, their consent to removal is not required pursuant to the Rule of Unanimity. *See Shepard v. Egan*, 767 F. Supp. 1158, 1161 and fn. 3 (D. Mass. 1990).

14.   Nevertheless, Samuel Cohen of Neal Gerber Eisenberg LLP in Chicago, Illinois, acting of counsel to Vision Lab has contacted each of Bellsouth Corporation and Teledata Solutions Inc. directly and obtained their consent to this Notice of Removal.

15.   The Complaint alleges "upon information and belief" that Vision Lab transmitted at least 55 unsolicited facsimile advertisements to Sherman's fax machine in violation of 47 U.S.C. § 227; 47 C.F.R. §§ 64.1200, 64.1601(e), and 68.318(d); Mass. G.L. c. 159C; and Regulations of the Massachusetts Office of Consumer Protection and Business Regulation, including 201 C.M.R. §§ 12.00 *et seq.*

16.   Plaintiff seeks damages from Vision Lab of up to $6,500 for each alleged violating facsimile, or in excess of $350,000. Accordingly, the amount in controversy meets the requirement of 28 U.S.C. § 1332(a).

17.   This Court, therefore, has original jurisdiction of this matter based on the diversity of citizenship of the parties and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

VISION LAB TELECOMMUNICATIONS, INC.,

By its attorneys,

*Richard M. Zielinski*
Richard M. Zielinski (BBO #540060)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
(617) 482-1776

Of Counsel:
Samuel S. Cohen
Neal Gerber Eisenberg LLC
2 North LaSalle Street
Suite 2200
Chicago, IL  60602

Dated: July 20, 2005

NGEDOCS: 1178463.1

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — (OTHER)

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV2004-05030

Michael Sherman, Plaintiff(s)

v.

Vision Lab Telecommunications, Inc.,
On Demand Marketing LLC,
Randy Thomason,
Highland Marketing LLC,
Teledata Solutions, Inc.,
The Support Group in Sweden, AB
Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ...Walter Oney, Esq.......... plaintiff's attorney, whose address is ...4 Longfellow Place, Boston, MA 02114........., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ...40 Thorndike St., Cambridge, MA 02141......... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ...Cambridge, MA......... the ...20th......... day of ...June........., in the year of our Lord ...2005.........

Edward J. Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

TRIAL COURT OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
MIDDLESEX COUNTY

MIDDLESEX, ss.                                              Civil No. MICV2004-05030

MICHAEL SHERMAN,                    )
    Plaintiff                          )
    v.                                 )
VISIONLAB TELECOMMUNICATIONS,       )
    INC.,                              )
ON DEMAND MARKETING LLC,            )
RANDY THOMASON,                     )
HIGHLAND MARKETING LLC,             )
BELLSOUTH CORPORATION,              )
TELEDATA SOLUTIONS, INC.,           )
    and                                )
THE SUPPORT GROUP IN SWEDEN, AB,    )
    Defendants

## FIRST AMENDED COMPLAINT

1. The Plaintiff brings this action to obtain statutory damages on account of unsolicited facsimile advertisements he received on the fax machine located in his home during 2004 and in order to learn the identities and locations of unknown persons and entities responsible for sending such unsolicited facsimile advertisements.

## PARTIES

2. The Plaintiff is a natural person residing at 54 Knowles Road, Watertown, MA 02472.

3. On information and belief, Defendant VISIONLAB TELECOMMUNICATIONS, INC., (VISIONLAB) is a corporation duly organized and existing under the laws of the

State of Florida and having its principal place of business at 1680 Michigan Ave., Suite 1106, Miami Beach, FL 33139.

4. On information and belief, Defendant ON DEMAND MARKETING, LLC, (ON DEMAND) is a limited liability company duly organized and existing under the laws of the State of California and having its principal place of business at 426 16th Place, Costa Mesa, CA 92627.

5. On information and belief, Defendant RANDY THOMASON (THOMASON) is an individual residing or having a place of business at 426 16th Place, Costa Mesa, CA 92627.

6. On information and belief, Defendant HIGHLAND MARKETING LLC (HIGHLAND) is a limited liability company duly organized and existing under the laws of the City of Gibraltar and having a place of business in care of Portland House, Glacis Road, Gibraltar.

7. On information and belief, Defendant BELLSOUTH CORPORATION (BELLSOUTH) is a corporation duly organized and existing under the laws of the State of Georgia and having its principal place of business at 1155 Peachtree St., N.E., Atlanta, GA 30309-3510.

8. On information and belief, Defendant TELEDATA SOLUTIONS, INC. (TELEDATA) is a corporation duly organized and existing under the laws of the State of Nevada and having its principal place of business at 200 No. Westlake Blvd., Suite 104, Westlake Village, CA 91362.

9. On information and belief, Defendant THE SUPPORT GROUP IN SWEDEN AB (SUPPORT GROUP) is a limited liability entity duly organized and existing under the

laws of Sweden and having its principal place of business at Liljeholmsvägen 18, SE-11761 Stockholm, Sweden.

## FACTS

10. At all times relevant to this action, the Plaintiff has subscribed for residential telephone service under the number 617-923-1329.

11. At all times relevant to this action, the Plaintiff has connected a facsimile machine to 617-923-1329, which machine is capable of transcribing text and images from an electronic signal received over a regular telephone line onto paper.

12. The Plaintiff placed his telephone number 617-923-1329 on the National Do Not Call Registry on August 6, 2003 and on the Massachusetts do-not-call list effective January 1, 2004.

13. Between April 30, 2004 and December 15, 2004, the Plaintiff received more than 90 unsolicited facsimile advertisements on his facsimile machine connected to 617-923-1329.

14. Some of said advertisements have arrived between 8:00 p.m. and 8:00 a.m., local time.

15. None of said advertisements indicates the identity or location of the sender or the true name and location of the advertiser.

16. The Plaintiff is informed and believes that the senders and advertisers of said advertisements have violated one or more of the federal Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227; regulations of the Federal Communications Commission thereunder including, without limitation, 47 C.F.R. §§ 64.1200, 64.1601(e), and 68.318(d); the Massachusetts Telephone Solicitation Law, G.L. c. 159C; and

regulations of the Office of Consumer Protection and Business Regulation thereunder, including, without limitation, 201 C.M.R. §§ 12.00 *et seq.*, (collectively referred to herein as "said telemarketing statutes and regulations"). These statutes and regulations provide a private right of action to seek damages up to $6,500 for each violation.

## COUNT 1
## CLAIMS AGAINST VISIONLAB

17. The Plaintiff repeats the allegations of paragraphs 1, 2, 3, and 10-16.

18. The Plaintiff is informed and believes that at least 55 of the unsolicited facsimile advertisements he received as so alleged were transmitted by VISIONLAB.

19. The Plaintiff is further informed and believes that VISIONLAB had substantial involvement in one or more of the following activities, to wit: designing said advertisements, choosing the telephone numbers to which such advertisements were sent, controlling the information supplied in marginal headings on such advertisements, controlling the caller identification information supplied to common carriers during the transmission of such advertisements, contracting for so-called number removal services furnished by SUPPORT GROUP and other parties, and actually transmitting said advertisements.

WHEREFORE the Plaintiff demands judgment against VISIONLAB for actual and statutory damages, and the reasonable fees of his attorney, pursuant to said telemarketing statutes and regulations.

## COUNT 2
## CLAIMS AGAINST ON DEMAND AND THOMASON

20. The Plaintiff repeats the allegations of paragraphs 1, 2, 4, 5, and 10-16.

21. The Plaintiff is informed and believes that at least 3 of the unsolicited facsimile advertisements he received as so alleged were transmitted on behalf of ON DEMAND.

22. The Plaintiff is further informed and believes that THOMASON was at all times relevant to this action in actual charge of the day-to-day operations of ON DEMAND and had substantial involvement in the design of said advertisements, in the decision to transmit them by fax to the Plaintiff, in the selection of telephone numbers to which said advertisements would be transmitted, and in contracting with VISIONLAB and others to transmit such advertisements by fax to the Plaintiff on behalf of ON DEMAND and on his own behalf.

WHEREFORE the Plaintiff demands judgment against ON DEMAND and THOMASON, jointly and severally, for actual and statutory damages, and the reasonable fees of his attorney, pursuant to said telemarketing statutes and regulations.

### COUNT 3
### CLAIMS AGAINST HIGHLAND MARKETING

23. The Plaintiff repeats the allegations of paragraphs 1, 2, 6, and 10-16.

24. The Plaintiff is informed and believes that at least 2 of the unsolicited facsimile advertisements he received as so alleged were transmitted on behalf of HIGHLAND MARKETING.

25. The Plaintiff is further informed and believes that HIGHLAND MARKETING had substantial involvement in the design of said advertisements, in the decision to transmit them by fax to the Plaintiff, in the selection of telephone numbers to which said advertisements would be transmitted, and in contracting with VISIONLAB and others to transmit such advertisements by fax to the Plaintiff on behalf of HIGHLAND MARKETING.

WHEREFORE the Plaintiff demands judgment against HIGHLAND MARKETING for actual and statutory damages, and the reasonable fees of his attorney, pursuant to said telemarketing statutes and regulations.

## COUNT 4
### CLAIM AGAINST BELLSOUTH FOR BILL OF DISCOVERY

26. The Plaintiff repeats the allegations of paragraphs 1, 2, 7, and 10-16.

27. The Plaintiff has obtained business records, duly authenticated under oath pursuant to G.L. c. 233, § 78, from telephone common carriers tending to show that some of the telephone calls described in paragraph 13 originated from a BELLSOUTH subscriber.

28. BELLSOUTH refused on March 4, 2005, to identify the subscriber or subscribers responsible for said telephone calls except in response to a subpoena issued by a court in Georgia, Florida, South Carolina, North Carolina, Mississippi, Louisiana, Tennessee, Kentucky, or Alabama, or to a subpoena issued by a federal court and domesticated within one of those states.

29. The Plaintiff is informed and believes that federal courts lack subject matter jurisdiction over cases arising under the TCPA and that, in consequence, he cannot file suit in a federal court in order to utilize the third-party discovery mechanisms provided in the Federal Rules of Civil Procedure.

30. The records of the Secretary of the Commonwealth show that many subsidiaries of BELLSOUTH are either incorporated in Massachusetts or have registered as foreign corporations in Massachusetts.

31. The Plaintiff avers that BELLSOUTH derives substantial revenue from providing telecommunication services to residents of the Commonwealth and from carrying long distance traffic to and from residents of the Commonwealth.

32. The Plaintiff further avers that he cannot know in which state to commence an action on his substantive claims without obtaining information that is presently in the exclusive possession of BELLSOUTH and that, in consequence, the conditions imposed by BELLSOUTH on providing that information are manifestly unreasonable.

33. The Plaintiff therefore avers that this court may exercise personal jurisdiction over BELLSOUTH pursuant to the Massachusetts Long Arm statute, G.L. c. 223A, § 3 and may compel BELLSOUTH to provide to the Plaintiff the information that the Plaintiff needs in order to identify the person or persons responsible for the telephone calls referred to in paragraph 13.

WHEREFORE the Plaintiff prays that the court might allow his bill of discovery against BELLSOUTH for the purpose of more particularly determining who is responsible for transmitting the facsimile advertisements referred to in paragraph 13.

## COUNT 5
## CLAIM AGAINST TELEDATA FOR BILL OF DISCOVERY

34. The Plaintiff repeats the allegations of paragraphs 1, 2, 8, and 10-16.

35. The Plaintiff is informed and believes that at least twenty of the faxes complained of herein carry a toll-free "removal" number assigned to TELEDATA as Responsible Organization.

36. On January 6, 2005, in response to a subpoena issued in this case, TELEDATA provided to the Plaintiff an affidavit to the effect that each of twenty specified toll-free numbers, which the Plaintiff says appear as "removal" numbers on some of the faxes

complained of herein, were subscribed for by SUPPORT GROUP. TELEDATA supplied on January 14, 2005, a list of several hundred toll-free numbers for which TELEDATA is the Responsible Organization and SUPPORT GROUP is the subscriber.

37. On February 9, 2005, after two follow-up requests by the Plaintiff, TELEDATA provided codes identifying the circuits to which the toll-free numbers assigned to SUPPORT GROUP connect. Qwest Communications, the putative provider of the circuits so identified, has no record of circuits having such codes. TELEDATA has therefore not identified said circuits with sufficient specificity to allow the Plaintiff to determine whether a United States entity receives such calls or to determine the physical terminus of such calls.

38. The Plaintiff avers that he requires the information described in the preceding paragraph in order to more certainly identify the person or persons who placed the telephone calls referred to in paragraph 13.

39. The Plaintiff further avers that TELEDATA derives substantial revenue from wholesaling toll-free numbers, including the so-called "removal" numbers appearing on the faxes complained of in his action, that it should reasonably expect to be dialed by residents of Massachusetts.

40. The Plaintiff therefore avers that this court may exercise personal jurisdiction over TELEDATA pursuant to the Massachusetts Long Arm statute, G.L. c. 223A, § 3.

WHEREFORE the Plaintiff prays that the court might allow his bill of discovery against TELEDATA for the purpose of more particularly determining who is responsible for transmitting the facsimile advertisements referred to in paragraph 13.

## COUNT 6
## CLAIMS AGAINST SUPPORT GROUP

41. The Plaintiff repeats the allegations of paragraphs 1, 2, 9, and 10-16.

42. The Plaintiff has obtained business records, duly authenticated under oath pursuant to G.L. c. 233, § 78, from TELEDATA tending to show that twenty of the faxes complained of herein carry a toll-free "removal" number subscribed for by SUPPORT GROUP.

43. The Plaintiff is informed and believes that one or more fax broadcasting companies, including the person or persons who placed the telephone calls referred to in paragraph 13, have entered into contracts with SUPPORT GROUP, pursuant to which SUPPORT GROUP provides a toll-free automated response service whereby a consumer may register a request to have the consumer's fax number removed from the database or list of fax numbers used by said fax broadcasting companies.

44. The Plaintiff avers that SUPPORT GROUP derives substantial revenue by providing a toll-free automated response service that it should reasonably expect to be used by residents of Massachusetts.

45. The Plaintiff therefore avers that this court may exercise personal jurisdiction over SUPPORT GROUP pursuant to the Massachusetts Long Arm statute, G.L. c. 223A, § 3.

46. The Plaintiff further avers that SUPPORT GROUP has so entered into contracts, and so derives substantial revenue, in the knowledge that it is thereby aiding and abetting, and for the purpose of aiding and abetting, VISIONLAB in flouting said statutes and regulations on a massive scale.

WHEREFORE the Plaintiff demands judgment against SUPPORT GROUP for actual and statutory damages, and the reasonable fees of his attorney, pursuant to said telemarketing statutes and regulations.

Dated: June 16, 2005

                                  MICHAEL SHERMAN, by his attorney,

                                  */s/ Walter Oney*
                                  Walter Oney (BBO # 379795)
                                  4 Longfellow Place
                                  Boston, MA 02114
                                  Tel: 617-227-5620
                                  Fax: 617-227-5760

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael Sherman

**DEFENDANTS**
Vision Lab Telecommunications, Inc. et al.

(b) County of Residence of First Listed Plaintiff: **Middlesex, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Miami-Dade, Florida**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**05-11545 NG**

(c) Attorney's (Firm Name, Address, and Telephone Number)
Walter Oney, Esq.
4 Longfellow Place, Boston, MA 02114

Attorneys (If Known)
Richard M. Zielinski, Esq., Ethan A. McKittrick, Esq.
Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, MA 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332, 1441 and 1446
Brief description of cause: Removal of action, on the basis of diversity, of complaint alleging violations of the Telephone Consumer Protection Act, FCC regulations, and state statutes.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ over $350,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 07/20/2005
SIGNATURE OF ATTORNEY OF RECORD: *Richard M. Zielinski*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Sherman v. Vision Labs Telecommunications, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   **05 11545 NG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☑

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☑   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Richard M. Zielinski
ADDRESS  Goulston & Storrs, 400 Atlantic Ave., Boston, MA 02110
TELEPHONE NO.  617-574-6574

(CategoryForm.wpd - 5/2/05)