UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL SHERMAN,                    )            Civil No. 05-11545-NG
    Plaintiff                         )
    v.                                )
VISION LAB TELECOMMUNICATIONS, )
    INC., et al.,                     )
    Defendants                        )

PLAINTIFF'S MOTION TO ENTER DEFAULT OF
DEFENDANT THE SUPPORT GROUP IN SWEDEN AB
[RULE 55(a)]

Now comes the Plaintiff and moves this honorable court to enter the default of

Defendant The Support Group in Sweden AB (TSG) because it has not answered or

otherwise defended the complaint in this matter. Action by the court is required because

of the procedural history of the case. In support of this motion, he says as follows.

SUMMARY OF ARGUMENT

TSG was validly served on June 23, 2005 when a Federal Express letter addressed to

the Chairman of its Board was actually received. It is subject to the personal jurisdiction

of this court on one of the bases that it has transacted business in the Commonwealth of

Massachusetts by providing interactive voice response services using toll-free numbers

that it must have known would be called by residents of all 50 states, including

Massachusetts; or that it is part of a civil conspiracy to violate the TCPA and state

telemarketing laws on a massive scale by sending large numbers of junk fax

advertisements into states including Massachusetts. TSG has sufficient contacts with the

nation as a whole to satisfy constitutional due process concerns.

I. TSG WAS VALIDLY SERVED BY FEDERAL EXPRESS

This motion turns primarily on the validity of service on TSG. Service of process on a non-US corporation may be effected under the Federal Rules of Civil Procedure "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(h) & (f)(1). The Hague Service Convention is codified at 20 U.S.T. 361 (Nov. 15, 1969). Article 10(a) of the Convention expressly authorizes service by mail unless the destination State objects. Sweden has not objected. *Coblentz GMC Freightliner, Inc. v. General Motors Corp.,* 724 F. Supp. 1364, 1372 (M.D. Ala. 1989), *aff'd,* 932 F.2d 978 (11th Cir. 1991). Service by private courier has frequently been approved in federal practice. *See Allen Organ Co. v. ELKA S.p.A.,* 615 F. Supp. 328 (E.D. Pa. 1985); *Dee-K Enterprises, Inc. v. Heveafil SDN. Bhd.,* 174 F.R.D. 376, 379 (E.D. Va. 1997) (DHL was "form of mail"); *EOI Corp. v. Medical Mktg.,* 172 F.R.D. 133, 143 (D.N.J. 1997) (DHL service in UK sufficient under Hague Service Convention).

Therefore, if nothing else had happened in this case besides the Plaintiff serving TSG via Federal Express, the Plaintiff submits that service would unquestionably be deemed sufficient.

Shortly after filing his First Amended Complaint in the state court, however, on June 16, 2005, the Plaintiff filed a motion styled as a Motion to Approve Service by Federal Express. [Ex. A] Thereafter, on June 21, the Plaintiff sent a copy of the complaint and summons to TSG via a Federal Express letter. [Ex. B] The letter was addressed to the Chairman of TSG's Board. [Ex. C] It was received and signed for on June 23. [Ex. D] The state court denied the motion without opinion or comment on July 12, 2005. [Ex. E] The court was not then aware of the Federal Express letter or its receipt.

The Plaintiff then attempted service by means of an international registered letter mailed from Boston on July 15, 2005. That letter was returned marked "Refusé/Vägrad" on July 25, 2005. [Ex. F] In other words, TSG declined to accept the registered letter. The Plaintiff suggests that TSG will hereafter evade any attempt to serve it with process, having been alerted by its actual notice on June 23 that the Plaintiff is attempting to serve it.

Personal jurisdiction in a case based on this court's diversity jurisdiction must be determined according to the law of the forum state. *See, e.g., Northern Laminate Sales, Inc. v. Davis,* 403 F.3d 14, 24 (1st Cir. 2005). The validity of service of process is, however, a matter of procedural law as to which the Federal Rules of Civil Procedure govern. *Larsen v. Mayo Med. Ctr.,* 218 F.3d 863, 867 (8th Cir. 2000), *cert. denied,* 531 U.S. 1036 (2000). While the *Rooker-Feldman* doctrine might (or might not, given the primacy of the federal interest in applying its own rules of procedure) preclude review by this court of the state court's ruling on how service should be accomplished, it is not possible to determine from the state court's abbreviated order just what that ruling actually was. For aught that appears in the state court record, the judge believed that the question whether service by Federal Express would be permissible was not yet ripe because the Plaintiff had yet to attempt service by other means, such as by registered mail. He has now (fruitlessly) attempted to do so.

Under federal law, "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new

process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448; *see Rentz v. Swift Transp. Co.,* 185 F.R.D. 693, 697 (M.D. Ga. 1998). "Service of process that is technically incorrect does not warrant dismissal where the defendant has received actual notice in time to preserve its rights and the character of the irregularity does not affect the validity of the judicial proceeding." *Howse v. Zimmer Mfg.,* 109 F.R.D. 628, 631 (D. Mass. 1986) (Caffrey, J.). Given that TSG has received actual notice of this case and may be expected to rebuff any attempts to serve it with other notices, this court should validate the service previously made on June 23 *nunc pro tunc.*

## II. THIS COURT MAY ASSERT PERSONAL JURISDICTION OVER TSG

"A court which is asked to enter default judgment should assure itself that it has jurisdiction both over the subject matter and the parties." *Estates of Ungar v. Palestinian Auth.,* 325 F. Supp. 2d 15, 45 (D.R.I. 2004). At the present time, the Plaintiff is merely asking the court to enter a default under Rule 55(a)—and not a judgment under Rule 55(b)—against one of several defendants for failure to plead. Ruling on subject matter jurisdiction should await the presence of all defendants before the court so that the issues can be fully explored.

As previously noted, the propriety of asserting personal jurisdiction over a defendant in a diversity case depends on state law. A Massachusetts court would inquire whether a statute authorizes the assertion of jurisdiction and, if so, whether the exercise of jurisdiction is consistent with due process. *Good Hope Industries Inc. v. Ryder Scott Co.,* 378 Mass. 1, 5-6 (1979); *see Ealing Corp. v. Harrods, Ltd.,* 790 F.2d 978, 981 (1st Cir. 1986).

In this case, the Plaintiff offers to prove that he received 41 unsolicited facsimile advertisements in the period September 22, 2004 through December 26, 2004, each of which contained a so-called "remove" number subscribed for by TSG through another of the Defendants in this case, namely Teledata Solutions, Inc.[1] He knows this because Teledata answered a subpoena while this case was still pending in the state court and provided a list of many hundred toll-free numbers for which TSG is the subscriber. The whole point of a toll-free number is that someone can dial it from anywhere in the United States without paying for the call. TSG is chargeable with knowing that Massachusetts is part of the United States. The Plaintiff believes he will be able to prove that TSG derives substantial revenue from one or more fax broadcasters and advertisers as a result of calls made by Massachusetts residents *or* because calls *could be made* by Massachusetts residents. This, he says, is sufficient to establish that his cause of action arises from TSG's "transacting any business in the commonwealth." *See* Mass. Gen. L. c. 223A, § 3(a).

Alternatively, the Plaintiff says that TSG has engaged in what amounts to a civil conspiracy to violate the TCPA and state telemarketing laws on a massive scale and that jurisdiction might be founded on TSG and other members of the conspiracy having "caus[ed] tortious injury by an act or omission in this commonwealth," namely by transmitting unsolicited facsimile advertisements over wires and other facilities located

---

[1] Junk fax advertisements typically contain a toll-free number that a recipient can supposedly dial in order to be removed from the sender's database of fax numbers. Since the TCPA outlaws fax advertising without prior express consent, 47 U.S.C. § 227(a)(5), providing remove numbers is actually a ploy to persuade credulous victims that they must do something to stop the deluge. The FCC has consistently held that there is *no* opt-out requirement. *See* Memorandum Opinion and Order, 10 F.C.C. Rcd. 12391, 12408 ¶ 37 (FCC 95-310, Aug. 7, 1995) (refusing to create exemption for failure to call a toll-free opt-out number); Report and Order, 18 F.C.C. Rcd. 14014, 14128-29 ¶ 193 (FCC 03-153, July 3, 2003) (same). The Massachusetts Telemarketing Solicitation Law likewise requires prior consent to avoid liability. *See* Mass. Gen. L. c. 159C, § 1 (definition of "unsolicited telephonic sales call").

within Massachusetts. *See id.* § 3(c). Moreover, the Massachusetts Telemarketing

Solicitation Law (MTSL) applies by its own terms to persons who transmit telephonic

sales calls "from a location outside of the commonwealth to consumers in the

commonwealth," Mass. Gen. L. c. 159C, § 1, and it also specifically authorizes a

Massachusetts court to assert *in personam* jurisdiction over a nonresident for MTSL

violations, *id.* § 12. If, as the Plaintiff has alleged, TSG has acted in concert with other

parties to send junk fax advertisements into Massachusetts, it is subject to suit here under

either the "tortious injury" prong of the long-arm statute or under the MTSL.

Having determined that a statute authorizes the assertion of jurisdiction, the court

should turn to the question whether the due process clause of the Fourteenth Amendment

permits the court to exercise that authority. *Good Hope Industries, supra.* The

Massachusetts long-arm statute allows assertion of personal jurisdiction "to the limits

allowed by the Constitution of the United States." *Automatic Sprinkler Corp. of America*

*v. Seneca Foods Corp.,* 361 Mass. 441, 443 (1992); *see Daynard v. Ness, Motley,*

*Loadholt, Richardson & Poole, P.A.,* 290 F.3d 42, 52 (1st Cir. 2002), *cert. denied,* 537

U.S. 1029 (2002). The constitutional test embodies two subtests: has the defendant

engaged in activity purposefully directed toward the forum state, and (if so) does the

defendant have sufficient minimum contacts with the forum such that maintenance of suit

would "not offend traditional notions of fair play and justice." *See Burger King Corp. v.*

*Rudzewicz,* 471 U.S. 462, 472-73 (1985); *International Shoe Co. v. Washington,* 326 U.S.

310, 316 (1945).

It may well be that TSG has not "purposefully directed" its activities toward

Massachusetts in particular. But it surely **has** directed activities towards the United States

as a whole from what it hoped would be a safe perch in Sweden. Contacts with the nation as a whole are sufficient to satisfy the *International Shoe* requirement of minimum contacts with this forum. *See System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy,* 242 F.3d 322, 325 (5th Cir. 2001) (Rule 4(k)(2) applies when "defendant has sufficient contacts with the nation as a whole"); Fed. R. Civ. P. 4(k)(2) (service or waiver of service sufficient to acquire jurisdiction "[i]f the exercise of jurisdiction is consistent with the Constitution and laws of the United States"). The court should note that a Swedish company is hardly likely to pay international long distance rates to service what must number in the many thousands of calls per day to its assigned toll-free numbers: there has to be a U.S. call center that actually fields those calls.

Given the likely existence of a U.S. base and the fact that owning a collection of U.S. toll-free numbers can have but one purpose—namely the receipt of calls from U.S. persons—it cannot be unfair to require TSG to litigate claims in the U.S. when those claims arise directly from its toll-free number services. Measuring just by the airline distance, a New England state provides the most convenient forum for a Swedish company to litigate within the U.S. It is therefore eminently fair to require TSG to appear and defend a suit by a Massachusetts consumer.

Accordingly, the Plaintiff submits that TSG is certainly subject to suit in Massachusetts, such that entry of a default is both permissible and appropriate.


[The remainder of this page was intentionally left blank.]

RELIEF REQUESTED

WHEREFORE the Plaintiff respectfully requests that the court enter the default of

The Support Group in Sweden AB for failure to answer or otherwise defend and enter

such other orders as justice may require.


Dated: August 2, 2005

MICHAEL SHERMAN, by his attorney,

/s/ Walter Oney
Walter Oney (BBO # 379795)
4 Longfellow Place
Boston, MA 02114
Tel: 617-227-5620
Fax: 617-227-5760


VERIFICATION

The undersigned certifies under the penalties of perjury that each of the exhibits annexed
hereto are true and complete copies of what they purport to be and that each fact stated in
this motion is true, except that, as to facts stated on information or belief, he believes
them to be true.

Dated: August 2, 2005

/s/ Walter Oney

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following parties by the method indicated:

**By automatic electronic notice:**

(None)

**By first-class mail, postage prepaid:**

Richard M. Zielinski, Esq.
Attorney for Vision Lab Telecommunications, Inc.
Goulston & Storrs, PC
400 Atlantic Ave.
Boston, MA  02110-3333

John Ottenberg, Esq.
Attorney for Teledata Solutions, Inc.
Ottenberg & Dunkless LLP
101 Arch St.
Boston, MA  02110


Dated: August 2, 2005

/s/ Walter Oney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL SHERMAN,                    )              Civil No. 05-11545-NG
        Plaintiff                  )
        v.                         )
VISION LAB TELECOMMUNICATIONS, )
        INC., et al.,              )
        Defendants                 )

INDEX OF EXHIBITS TO PLAINTIFF'S MOTION TO ENTER DEFAULT OF
DEFENDANT THE SUPPORT GROUP IN SWEDEN AB

A.  Plaintiff's June 16, 2005, motion, filed in the state trial court, to approve service by
    Federal Express.
B.  International Air Waybill number 849072376347 used to transmit copy of summons
    and complaint to The Support Group in Sweden AB on June 21, 2005, redacted by
    counsel to obscure account number.
C.  Certificate of Registration for The Support Group in Sweden AB.
D.  Federal Express delivery confirmation for International Air Waybill number
    849072376347 attesting to receipt and signature by M. Ostman on June 23, 2005.
E.  Action by state trial court on July 12, 2005 denying Plaintiff's June 16 motion to
    approve service by Federal Express.
F.  Front and rear of international registered letter sent by the Plaintiff's attorney to The
    Support Group in Sweden AB on July 15, 2005 and refused on July 27, 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL SHERMAN, | ) | Civil No. 05-11545-NG |
| Plaintiff | ) | |
| v. | ) | |
| VISION LAB TELECOMMUNICATIONS, | ) | |
| INC., et al., | ) | |
| Defendants | ) | |

INDEX OF EXHIBITS TO PLAINTIFF'S MOTION TO ENTER DEFAULT OF
DEFENDANT THE SUPPORT GROUP IN SWEDEN AB

A. Plaintiff's June 16, 2005, motion, filed in the state trial court, to approve service by Federal Express.

B. International Air Waybill number 849072376347 used to transmit copy of summons and complaint to The Support Group in Sweden AB on June 21, 2005, redacted by counsel to obscure account number.

C. Certificate of Registration for The Support Group in Sweden AB.

D. Federal Express delivery confirmation for International Air Waybill number 849072376347 attesting to receipt and signature by M. Ostman on June 23, 2005.

E. Action by state trial court on July 12, 2005 denying Plaintiff's June 16 motion to approve service by Federal Express.

F. Front and rear of international registered letter sent by the Plaintiff's attorney to The Support Group in Sweden AB on July 15, 2005 and refused on July 27, 2005.

# EXHIBIT A

TRIAL COURT OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
MIDDLESEX COUNTY

MIDDLESEX, ss.                                      Civil No. MICV2004-05030

MICHAEL SHERMAN,                    )
    Plaintiff                            )
    v.                                   )
VISIONLAB TELECOMMUNICATIONS, )
    INC., et al.,                        )
    Defendants                           )

PLAINTIFF'S MOTION TO APPROVE SERVICE BY
FEDERAL EXPRESS [MRCP 4(e)(5)]

Now comes the Plaintiff and moves that this honorable court authorize service of a

summons and a copy of the Plaintiff's First Amended Complaint on Defendants THE

SUPPORT GROUP IN SWEDEN AB and HIGHLAND MARKETING LLC by means

of Federal Express Delivery. In support hereof, the Plaintiff respectfully submits the

attached Memorandum of Law.

Dated: June 16, 2005

                        MICHAEL SHERMAN, by his attorney,

                        *Walter Oney*
                        Walter Oney (BBO # 379795)
                        4 Longfellow Place
                        Boston, MA 02114
                        Tel: 617-227-5620
                        Fax: 617-227-5760

*denied*

# EXHIBIT B

RETAIN THIS COPY FOR YOUR RECORDS

**FedEx** Express *International Air Waybill*
For FedEx services worldwide

Sender's Copy

**1 From** *Please print and press hard.*

Date 08/09/05 Y    Sender's FedEx Account Number 2819-8754-2

Sender's Name Walter Oney    Phone 617-227-5620

Company

Address 4 Longfellow Place

Address

City Boston    State/Province MA

Country USA    ZIP/Postal Code 02114

**2 To**

Recipient's Name Inger Anita Grütz    Phone

Company The Support Group in Sweden AB

Address Liljeholmsvägen 18

Address

City Stockholm    State/Province

Country Sweden    ZIP/Postal Code 117 61

Recipient's Tax ID number for Customs purposes
e.g. GST/RFC/VAT/EIN, or as locally required

**3 Shipment Information**    ☐ For EU Only: Tick here if goods are not in free circulation and provide C.I.

Total Packages    Total Weight ☐ lbs ☐ kg    ☐ DIM  L __ / W __ / H __ ☐ in ☐ cm

Commodity Description
REQUIRED    Harmonized Code    Country of Manufacture    Value for Customs REQUIRED    Total Value for Carriage

documents only

COMPLETE IN ENGLISH

For U.S. Export Only. Check One
☐ No SED required per Exemption    ☐ No SED required, value $2500 or less per Schedule B Commodity number    ☐ SED attached (provide export license no. and exp. date or license exception symbol, and CCATS if applicable)    Total Declared Value for Carriage    Total Declared Value for Customs

**4 Express Package Service**

☒ FedEx Int'l Priority    ☐ FedEx Int'l First
*For packages over 150 lbs. (68 kg), use the FedEx Expanded Service and Air Waybill.*

☐ FedEx Int'l Economy
*FedEx Envelope and FedEx Pak rate not available.*

Packages up to 150 lbs. / 68 kg
*For packages over 150 lbs. (68 kg) use the FedEx Expanded Service and Air Waybill.*

**5 Packaging**

☒ FedEx Envelope    ☐ FedEx Pak    ☐ FedEx Box    ☐ FedEx Tube
☐ Other    ☐ FedEx 10kg Box*    ☐ FedEx 25kg Box*

*These weight limit boxes with special pricing are provided by FedEx for FedEx Int'l Priority only.*

**6 Special Handling**

☐ HOLD at FedEx Location    ☐ SATURDAY Delivery
*Available to select locations for FedEx Int'l Priority only.*

**7a Payment** *Bill transportation charges to:*

☒ Sender Acct. No. in Section 1 will be billed.
FedEx Acct. No.

☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check
Enter FedEx Acct. No. or Credit Card No. below.
Credit Card No.
Credit Card Exp. Date

**7b Payment** *Bill duties and taxes to:*

☒ Sender Acct. No. in Section 1 will be billed.
FedEx Acct. No.

☐ Recipient    ☐ Third Party
Enter FedEx Acct. No. below.

ALL shipments can be subject to Customs charges, which FedEx does not estimate prior to clearance.

**8 Your Internal Billing Reference**    OPTIONAL

First 24 characters will appear on invoice.

**9 Required Signature**

Use of this Air Waybill constitutes your agreement to the Conditions of Contract on the back of this Air Waybill, and you represent that this shipment does not require a U.S. State Department License or contain dangerous goods. Certain international treaties, including the Warsaw Convention, may apply to this shipment and limit our liability for damage, loss, or delay, as described in the Conditions of Contract. WARNING: These commodities, technology, or software were exported from the United States in accordance with Export Administration Regulations. Diversion contrary to U.S. law prohibited.

Sender's Signature    *Walter Oney*
This is not authorization to deliver this shipment without a recipient signature.

For Completion Instructions, see back of fifth page.

FedEx Tracking Number    8490 7237 6347

**Try online shipping at fedex.com**

Questions? Visit our Web site at fedex.com.
Or in the U.S., call 800.247.4747. Outside the U.S., call your local FedEx office.

The terms and conditions of service may vary from country to country. Consult our local office for specific information. Non-Negotiable International Air Waybill © 1994–2001 Federal Express Corporation

Not all services and options are available to all destinations. Dangerous goods cannot be shipped using this Air Waybill.

PART 15085xxxxx, Rev. Date 11/00–2001 FedEx
PRINTED IN U.S.A.

500

0402

# EXHIBIT C

4080445

Page    1

 **Bolagsverket**
Swedish Companies Registration Office

 CERTIFICATE OF REGISTRATION



| | |
|---|---|
| **Registration number:** | 556663-4084 |
| **Date of registration:** | 2004-06-22 |
| **Company name:** | The Support Group In Sweden AB |
| **Address:** | |
| | Liljeholmsvägen 18 |
| | 117 61  STOCKHOLM |
| **Registered office:** | Stockholm |
| **Share capital:** | SEK 100 000 |

**BOARD MEMBER, CHAIRMAN OF THE BOARD**
470120-4341 Grütz, Inger Anita, Vegagatan 46 B, 413 11 GÖTEBORG

**BOARD MEMBERS**
670826-0242 Fredriksson, Inger Christina, Tulegatan 14, 3 tr,
             172 78 SUNDBYBERG

**DEPUTY MEMBERS OF THE BOARD**
621105-0155 Titov, Dimitrij, Viks Skolväg 8 A, 139 35 VÄRMDÖ

**OTHER PERSONS AUTHORIZED TO SIGN ON BEHALF OF THE COMPANY**
701105-4900 Wallman, Anna Bessie Caroline, Övre Bergsvägen 2,
             126 34 HÄGERSTEN

**AUDITORS**
740203-8934 Kangas, Peter Magnus, Öhrlings Price WaterhouseCoop,
             113 97 STOCKHOLM

**SIGNATORY POWER**
In addition to the board of directors,
        Grütz, Inger Anita
        Wallman, Anna Bessie Caroline
individually,

or
        Fredriksson, Inger Christina
        Wallman, Anna Bessie Caroline
jointly,

are entitled to sign on behalf of the company.

CONTD.

4080445

 **Bolagsverket**
Swedish Companies Registration Office


**CERTIFICATE OF REGISTRATION**

Registration number:    556663-4084

Date of registration:    2004-06-22

Company name:         The Support Group In Sweden AB

**FINANCIAL YEAR**
Registered financial year: 0901 - 0831
No annual reports have been submitted to the Swedish Companies
Registration Office

**DATE OF REGISTRATION OF CURRENT AND PREVIOUS COMPANY NAMES**
2004-08-12 The Support Group In Sweden AB
2004-06-22 Starta Eget Boxen 4965 AB

SUNDSVALL 2005-01-18
Ex officio



BENTE OHLSSON

 **Bolagsverket**
Swedish Companies Registration Office



Page 3

Certificate of Registration



| | |
|---|---|
| **Registration number:** | 556663-4084 |
| **Date of registration:** | 22nd June, 2004 |
| **Company name:** | The Support Group In Sweden AB |
| **Address:** | Liljeholmsvägen 18 |
| | 117 61  STOCKHOLM |

## Objects of the company:

The company shall carry on purchasing and administration of communication and IT systems as well as business compatible therewith.

Sundsvall, 18th January, 2005
Ex officio



Bente Ohlsson

# EXHIBIT D

FedEx Express
Customer Support
Domestic Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone 901-369-3600



Express

June 29, 2005

WALTER ONEY
(617) 227-5760

Dear WALTER ONEY:

Our records reflect the following delivery information for the shipment with the tracking number 849072376347. The information is incomplete and we regret the inconvenience this may cause. However, as stated in the FedEx Service Guide, we assume no liability for our inability to provide a copy of the delivery record.

Delivery Information:

Signed For By:  M.OSTMAN

Delivered to:

Delivery Date:  June 23, 2005

Delivery Time:  02:10 PM

Shipping Information:

Tracking No:  849072376347          Ship Date:  June 21, 2005

Shipper:  WALTER ONEY              Recipient:  INGER ANITA GRUTZ
          ONEY, WALTER                         THE SUPPORT GROUP IN
          4 LONFELBAS PLACE                    SWEDEN AB
          BOSTON, MA 02114                     LILJEHOLMSVAGEN 18
          US                                   STOCKHOLM, 11761
                                               SE

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx (1-800-463-3339)
Reference No: R2005062900222793340

This Information is provided subject to the FedEx Service Guide.

# EXHIBIT E

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

Civil Docket **MICV2004-05030**

RE:   Sherman v Visionlab Telecommunications, Inc. et al

TO:   Walter Oney, Esquire
      4 Longfellow Place
      Boston, MA 02114

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **07/13/2005**:

*RE: Plff's MOTION to Approve Service by Federal Express on defts*
*The Support Group in Sweden AB & Highland Marketing LLC, memo of*
*law in support of*

**is as follows:**

**MOTION (P#10) After review, the motion is DENIED Dated: July 12, 2005**
**(Haggerty, Justice) Notices mailed July 13, 2005**

Dated at Cambridge, Massachusetts this 13th day of July,
2005.

Edward J. Sullivan,
Clerk of the Courts

BY:

Leona Kusmirek
Assistant Clerk

Telephone: 617-494-4010 EXT 4251

Copies mailed 07/13/2005

cvdresult_2.wpd 2758083 motden johnson

# EXHIBIT F



REGISTERED MAIL

WALTER ONEY
ATTORNEY AT LAW
4 LONGFELLOW PLACE
BOSTON, MA 02114

RETOUR
RETUR

RETURN RECEIPT
REQUESTED

RB 460 204 316 US
(10259) 99-M-1904

Label 200, July 1999

CN 15
(ancien C3S/CP10)

U.S. POSTAGE
PAID
BOSTON, MA
02114
JUL 15 .05
AMOUNT
$11.65
000-46809-04

UNITED STATES
POSTAL SERVICE

9140

2005-07-25

Vägrad

The Support Group in Sweden AB
Liljeholmsvägen 18
SE-117 Stockholm
SWEDEN

□ Inconnu / Okänd
☒ Refusé / Vägrad
☑ Déménagé / Flyttat    □ Non réclamé / Ej efterfrågad
□ Adresse insuffisante / Ofullständig adress
□ Adresse postale changée / Ändrad postadress
□ Nouvelle adresse / Ny adress

B 2290. 14 (ed.94)

Item Description (Nature de l'envoi)
□ Registered Article (Envoi recommandé)  □ Letter (Lettre)  □ Printed (Imprimé)  □ Other (Autre)  □ Recorded Delivery (Envoi à livraison attestée)  □ Express  □ Mail International

□ Insured Parcel (Colis avec valeur déclarée)    Insured Value (Valeur déclarée)

Article Number: RB460204316A

Office of Mailing (Bureau de dépôt)    Date of Posting (Date de dépôt): July 15, 2005

Addressee Name or Firm (Nom ou raison sociale du destinataire): The Support Group in Sweden AB

Street and No. (Rue et No.): Liljeholmsvägen 18

Place and Country (Localité et pays): SE-117 61 Stockholm Sweden

The article mentioned above was duly delivered. (L'envoi mentionné ci-dessus a été dûment livré.)

□ Signature of Addressee (Signature du destinataire)    Office of Destination Employee Signature (Signature de l'agent du bureau de destination)    Date

□ Completed at destination (À compléter à destination)

PS Form 2865, February 1997 (Reverse)