UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL SHERMAN,                    )                Civil No. 05-11545-NG
    Plaintiff                           )
    v.                                          )
VISION LAB TELECOMMUNICATIONS, )
    INC., et al.,                               )
    Defendants                          )

PLAINTIFF'S MOTION TO ENTER DEFAULT OF
DEFENDANT HIGHLAND MARKETING LLC
[RULE 55(a)]

Now comes the Plaintiff and moves this honorable court to enter the default of

Defendant Highland Marketing LLC (Highland) because it has not answered or otherwise

defended the complaint in this matter. Action by the court is required because of the

procedural history of the case.

This motion is very similar to the motion filed by the Plaintiff on August 2, 2005,

seeking entry of a default for The Support Group in Sweden AB (TSG). The court

allowed that motion on August 5, 2005. The Plaintiff attempted to serve Highland by

international registered mail but has no idea what became of his letter, whereas a similar

letter addressed to TSG was returned after TSG refused to accept it. In addition, the

Plaintiff alleges that Highland is liable as the advertiser directly responsible for sending

three junk fax advertisements to him, whereas he alleges that TSG is liable for its

participation in the fax removal service offered by an as-yet unknown fax broadcaster.

Finally, Highland is located in the United Kingdom, whereas TSG is in Sweden.

SUMMARY OF ARGUMENT

Highland was validly served on June 23, 2005 when a Federal Express letter

addressed to it at its registered address in the City of Gibraltar was actually received. It is

subject to the personal jurisdiction of this court because it, or an agent performing a nondelegable duty, caused tortious injury by an act committed in the Commonwealth or because the Plaintiff's claim arises from the transaction of any business by Highland or Highland's agents.

### I. HIGHLAND WAS VALIDLY SERVED BY FEDERAL EXPRESS

This motion turns primarily on the validity of service on Highland. Service of process on a non-US corporation may be effected under the Federal Rules of Civil Procedure "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(h) & (f)(1). The Hague Service Convention is codified at 20 U.S.T. 361 (Nov. 15, 1969). Article 10(a) of the Convention expressly authorizes service by mail unless the destination State objects. The City of Gibraltar is a political subdivision of the United Kingdom, and the United Kingdom has not objected. *Trump Taj Mahal Assocs. v. Hotel Servs.,* 183 F.R.D. 173, 181 n. 5 (D.N.J., 1998). Service by private courier has frequently been approved in federal practice. *See Allen Organ Co. v. ELKA S.p.A.,* 615 F. Supp. 328 (E.D. Pa. 1985); *Dee-K Enterprises, Inc. v. Heveafil SDN. Bhd.,* 174 F.R.D. 376, 379 (E.D. Va. 1997) (DHL was "form of mail"); *EOI Corp. v. Medical Mktg.,* 172 F.R.D. 133, 143 (D.N.J. 1997) (DHL service in UK sufficient under Hague Service Convention).

Therefore, if nothing else had happened in this case besides the Plaintiff serving Highland via Federal Express, the Plaintiff submits that service would unquestionably be deemed sufficient.

Shortly after filing his First Amended Complaint in the state court, however, on June 16, 2005, the Plaintiff filed a motion styled as a Motion to Approve Service by Federal Express. [Ex. A] Thereafter, on June 21, the Plaintiff sent a copy of the complaint and summons to Highland via a Federal Express letter. [Ex. B] The letter was addressed to Highland's address as recorded in the Gibraltar Registry of Companies. [Ex. C] It was received and signed for on June 23. [Ex. D] The state court denied the motion without opinion or comment on July 12, 2005. [Ex. E] The court was not then aware of the Federal Express letter or its receipt.

The Plaintiff then attempted service by means of an international registered letter mailed from Boston on July 15, 2005. The Plaintiff has received no indication from the post office concerning that letter. [Ex. F] It is the typical experience for Plaintiff's counsel that international registered mail frequently goes awry, due primarily (he has been told by the Post Office) to differences between the postal systems of various countries.

Personal jurisdiction in a case based on this court's diversity jurisdiction must be determined according to the law of the forum state. *See, e.g., Northern Laminate Sales, Inc. v. Davis,* 403 F.3d 14, 24 (1st Cir. 2005). The validity of service of process is, however, a matter of procedural law as to which the Federal Rules of Civil Procedure govern. *Larsen v. Mayo Med. Ctr.,* 218 F.3d 863, 867 (8th Cir. 2000), *cert. denied,* 531 U.S. 1036 (2000). While the *Rooker-Feldman* doctrine might (or might not, given the primacy of the federal interest in applying its own rules of procedure) preclude review by this court of the state court's ruling on how service should be accomplished, it is not possible to determine from the state court's abbreviated order just what that ruling

actually was. For aught that appears in the state court record, the judge believed that the question whether service by Federal Express would be permissible was not yet ripe because the Plaintiff had yet to attempt service by other means, such as by registered mail. He has now (fruitlessly) attempted to do so.

Under federal law, "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448; *see Rentz v. Swift Transp. Co.,* 185 F.R.D. 693, 697 (M.D. Ga. 1998). "Service of process that is technically incorrect does not warrant dismissal where the defendant has received actual notice in time to preserve its rights and the character of the irregularity does not affect the validity of the judicial proceeding." *Howse v. Zimmer Mfg.,* 109 F.R.D. 628, 631 (D. Mass. 1986) (Caffrey, J.). Given that Highland has received actual notice of this case and that the Plaintiff's international registered letter is lost in whatever bureaucratic maze such letters disappear into, this court should validate the service previously made on June 23 *nunc pro tunc.*

II. THIS COURT MAY ASSERT PERSONAL JURISDICTION OVER HIGHLAND

"A court which is asked to enter default judgment should assure itself that it has jurisdiction both over the subject matter and the parties." *Estates of Ungar v. Palestinian Auth.,* 325 F. Supp. 2d 15, 45 (D.R.I. 2004). At the present time, the Plaintiff is merely asking the court to enter a default under Rule 55(a)—and not a judgment under Rule 55(b)—against one of several defendants for failure to plead. Ruling on subject matter

jurisdiction should await the presence of all defendants before the court so that the issues can be fully explored.

As previously noted, the propriety of asserting personal jurisdiction over a defendant in a diversity case depends on state law. A Massachusetts court would inquire whether a statute authorizes the assertion of jurisdiction and, if so, whether the exercise of jurisdiction is consistent with due process. *Good Hope Industries Inc. v. Ryder Scott Co.,* 378 Mass. 1, 5-6 (1979); *see Ealing Corp. v. Harrods, Ltd.,* 790 F.2d 978, 981 (1st Cir. 1986).

In this case, the Plaintiff offers to prove that he received 3 unsolicited facsimile advertisements from Highland on October 22, November 1, and November 29, 2004. Each advertisement invited the recipient to register an opinion on a political topic by faxing a response back to a pay-per-call 900 number. The FCC had previously held that such advertisements, if sent without the prior express consent of the recipient, violate the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227(b)(1)(C), as it was in effect on the dates in question. *See In re 21st Century Faxes,* Notice of Apparent Liability for Forfeiture, 15 F.C.C.Rcd. 24406, 24410 ¶ 10 (FCC 00-425, December 7, 2000).[1] The Plaintiff further offers to prove that Highland Marketing is the actual subscriber for the 900 number that appears on the faxes.

Junk fax advertising is a species of statutory tort. *See, e.g., Hooters of Augusta, Inc. v. Am. Global Ins. Co.,* 272 F. Supp. 2d 1365, 1373 (S.D. Ga. 2003) (junk faxing equivalent to tort of invasion of privacy); *Prime TV, LLC v. Travelers Ins. Co.,* 223 F. Supp. 2d 744, 750 (M.D.N.C. 2002) (junk fax caused property damage). If Highland transmitted the advertisements itself, it is plainly liable for its own actions. Even if Highland asked an as-

---

[1] The Notice of Apparent Liability is accessible from the web page http://www.fcc.gov/eb/tcd/ufax.html.

yet unknown fax broadcaster to transmit the advertisements to whomever it pleased, Highland is liable as a principal because the duty to obey telemarketing laws is not delegable. *Travel Travel Kirkwood, Inc. v. Up and Away Travel, Inc.,* 2005 TCPA Rep. 1363 (Mo. Cir. May 5, 2005).[2] *Cf.* O'Brien v. Christensen, 422 Mass. 281, 287 (1996) (principal liable for agent's performance of nondelegable duty). In a well considered opinion, a Missouri trial judge, construing a long-arm statute that is very similar to Massachusetts' own, held that junk fax advertising can subject the sender to personal jurisdiction on either of a "transacting business" or "tortious injury" basis. *See I Dream Solutions, Inc. v. Ellsworth, Inc.,* 2002 TCPA Rep. 1071 (Mo. Cir. Nov. 12, 2002).

The Plaintiff's allegations are therefore sufficient to establish personal jurisdiction over Highland. *See* Mass. Gen. L. c. 223A, § 3(a) & (c); *see also Ealing, supra* at 983 (single telex sent into Massachusetts was "transaction of any business").

Having determined that a statute authorizes the assertion of jurisdiction, the court should turn to the question whether the due process clause of the Fourteenth Amendment permits the court to exercise that authority. *Good Hope Industries, supra.* The Massachusetts long-arm statute allows assertion of personal jurisdiction "to the limits allowed by the Constitution of the United States." *Automatic Sprinkler Corp. of America v. Seneca Foods Corp.,* 361 Mass. 441, 443 (1992); *see Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* 290 F.3d 42, 52 (1st Cir. 2002), *cert. denied,* 537 U.S. 1029 (2002). The constitutional test embodies two subtests: has the defendant engaged in activity purposefully directed toward the forum state, and (if so) does the defendant have sufficient minimum contacts with the forum such that maintenance of suit

---

[2] The TCPA Law Reporter is a topical law reporter devoted to the TCPA. It is available, free of charge, to judges and their law clerks at www.tcpalaw.com.

would "not offend traditional notions of fair play and justice." *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-73 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

In this case, whoever actually transmitted the advertisements to the Plaintiff used a list of telephone numbers that included area codes. That person is chargeable with knowledge that a telephone in the 617 area code, such as the Plaintiff's, is likely to be located in the Commonwealth. Placing a call to a Massachusetts telephone is the sort of purposefully directed activity that has long been held sufficient to justify the assertion of personal jurisdiction. *See Ealing, supra; I Dream Solutions, supra.*

Accordingly, the Plaintiff submits that Highland is certainly subject to suit in Massachusetts, such that entry of a default is both permissible and appropriate.

[The remainder of this page was intentionally left blank.]

RELIEF REQUESTED

WHEREFORE the Plaintiff respectfully requests that the court enter the default of

Highland Marketing LLC for failure to answer or otherwise defend and enter such other

orders as justice may require.

Dated: August 14, 2005

MICHAEL SHERMAN, by his attorney,

/s/ Walter Oney
Walter Oney (BBO # 379795)
4 Longfellow Place
Boston, MA 02114
Tel: 617-227-5620
Fax: 617-227-5760

VERIFICATION

The undersigned certifies under the penalties of perjury that each of the exhibits annexed hereto are true and complete copies of what they purport to be and that each fact stated in this motion is true, except that, as to facts stated on information or belief, he believes them to be true.

Dated: August 2, 2005

/s/ Walter Oney

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following
parties by the method indicated:

**By automatic electronic notice:**

John Ottenberg, Esq., Attorney for Teledata Solutions, Inc.

**By first-class mail, postage prepaid:**

Richard M. Zielinski, Esq.
Attorney for Vision Lab Telecommunications, Inc.
Goulston & Storrs, PC
400 Atlantic Ave.
Boston, MA  02110-3333


Dated: August 14, 2005

/s/ Walter Oney_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL SHERMAN,                    )              Civil No. 05-11545-NG
    Plaintiff                       )
    v.                              )
VISION LAB TELECOMMUNICATIONS, )
    INC., et al.,                   )
    Defendants                      )

INDEX OF EXHIBITS TO PLAINTIFF'S MOTION TO ENTER DEFAULT OF
DEFENDANT HIGHLAND MARKETING LLC

A. Plaintiff's June 16, 2005, motion, filed in the state trial court, to approve service by
Federal Express.
B. International Air Waybill number 849072376358 used to transmit copy of summons
and complaint to The Support Group in Sweden AB on June 21, 2005.
C. Company profile for Highland Marketing LLC furnished on January 21, 2005.
D. Federal Express delivery confirmation for International Air Waybill number
849072376358 attesting to receipt and signature by G. Aivizo on June 23, 2005.
E. Action by state trial court on July 12, 2005 denying Plaintiff's June 16 motion to
approve service by Federal Express.
F. July 15, 2005, receipt for registered letter RB460204320US, and printout of tracking
query performed by the Plaintiff's counsel on August 14, 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL SHERMAN,                 )                    Civil No. 05-11545-NG
    Plaintiff                        )
    v.                               )
VISION LAB TELECOMMUNICATIONS, )
    INC., et al.,                    )
    Defendants                       )

INDEX OF EXHIBITS TO PLAINTIFF'S MOTION TO ENTER DEFAULT OF
DEFENDANT HIGHLAND MARKETING LLC

A. Plaintiff's June 16, 2005, motion, filed in the state trial court, to approve service by Federal Express.

B. International Air Waybill number 849072376358 used to transmit copy of summons and complaint to The Support Group in Sweden AB on June 21, 2005.

C. Company profile for Highland Marketing LLC furnished on January 21, 2005.

D. Federal Express delivery confirmation for International Air Waybill number 849072376358 attesting to receipt and signature by G. Aivizo on June 23, 2005.

E. Action by state trial court on July 12, 2005 denying Plaintiff's June 16 motion to approve service by Federal Express.

F. July 15, 2005, receipt for registered letter RB460204320US, and printout of tracking query performed by the Plaintiff's counsel on August 14, 2005.

# EXHIBIT A

TRIAL COURT OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
MIDDLESEX COUNTY

MIDDLESEX, ss.                                    Civil No. MICV2004-05030

MICHAEL SHERMAN,                    )
    Plaintiff                                  )
    v.                                            )
VISIONLAB TELECOMMUNICATIONS, )
    INC., et al.,                              )
    Defendants                              )

## PLAINTIFF'S MOTION TO APPROVE SERVICE BY FEDERAL EXPRESS [MRCP 4(e)(5)]

Now comes the Plaintiff and moves that this honorable court authorize service of a

summons and a copy of the Plaintiff's First Amended Complaint on Defendants THE

SUPPORT GROUP IN SWEDEN AB and HIGHLAND MARKETING LLC by means

of Federal Express Delivery. In support hereof, the Plaintiff respectfully submits the

attached Memorandum of Law.

Dated: June 16, 2005

MICHAEL SHERMAN, by his attorney,

_Walter Oney_

Walter Oney (BBO # 379795)
4 Longfellow Place
Boston, MA 02114
Tel: 617-227-5620
Fax: 617-227-5760

_denied_

# EXHIBIT B

RETAIN THIS COPY FOR YOUR RECORDS

**Sender's Copy**

**FedEx Express** International Air Waybill
For FedEx services worldwide

**1 From** Please print and press hard.
Date 06/24/05   Sender's FedEx Account Number 2819-8754-2

Sender's Name Walter Oney   Phone 617-227-5620

Company

Address 4 Longfellow Pl.

Address

City Boston   State/Province MA   ZIP/Postal Code 02114

Country USA

**2 To**
Recipient's Name

Company Highland Marketing Ltd.

Address 23 Portland House

Address Glacis Road

City   State/Province

Country Gibraltar   ZIP/Postal Code

Recipient's Tax ID number for Customs purposes

**3 Shipment Information**

Total Packages 1   Total Weight

Commodity Description  documents only   COMPLETE IN ENGLISH

**4 Express Package Service**
☒ FedEx Intl. Priority   ☐ FedEx Intl. First
☐ FedEx Intl. Economy

**5 Packaging**
☒ FedEx Envelope   ☐ FedEx Pak   ☐ FedEx Box   ☐ FedEx Tube
☐ Other   ☐ FedEx 10kg Box*   ☐ FedEx 25kg Box*

**6 Special Handling**
☐ HOLD at FedEx Location   ☐ SATURDAY Delivery

**7a Payment** Bill transportation charges to:
☐ Sender   ☐ Recipient   ☐ Third Party   ☐ Credit Card   ☐ Cash/Check

**7b Payment** Bill duties and taxes to:
☐ Sender   ☐ Recipient   ☐ Third Party

**8 Your Internal Billing Reference** OPTIONAL

**9 Required Signature**
Sender's Signature: Walter Oney

For Completion Instructions, see back of fifth page.

FedEx Tracking Number  8490 7237 6358

Form ID No.

Try online shipping at fedex.com

# EXHIBIT C

# Latest / Current Available Information on Company :

| | | Operator | Robert Imossi |
|---|---|---|---|
| Incorporation No. | 87966 | Date Profile issued | January 21, 2005 |
| Name | Highland Marketing Limited | | |
| Incorporation Date | April 25, 2003 | | |
| Type | PRIVATE COMPANY LIMITED BY SHARES | | |
| Status | | | |

| | |
|---|---|
| Last Annual Return filed made up to | April 25, 2004 |
| Last Accounts filed made up to | April 30, 2004 |
| Registered Office | 23 PORTLAND HOUSE, GLACIS ROAD, GIBRALTAR |

Authorised Share Capital :
£ 1,000.00 divided into :    1000 ORDINARY shares of £ 1 each

| No. of Auth. Shares | 1,000.00 |
|---|---|
| No. of Issu. Shares | 1,000.00 |

### Shareholders

| Name | FIDUCIARY TRUST LIMITED |
|---|---|
| Address | 3 BELL LANE, GIBRALTAR |
| Nationality | |
| Occupation | CORPORATION |
| Shares held | 1000 ORDINARY shares of £ 1 each |

### Directors

| Name | FINSBURY CORPORATE SERVICES LIMITED |
|---|---|
| Address | SUITES 7B & 8B, 50 TOWN RANGE, GIBRALTAR |
| Nationality | |
| Occupation | LIMITED COMPANY |
| Appointed on | 25/04/2003 |
| Resigned on | |

### Secretaries

| Name | FINSBURY SECRETARIES LIMITED |
|---|---|
| Address | SUITES 7B & 8B, 50 TOWN RANGE, GIBRALTAR |
| Nationality | |
| Occupation | LIMITED COMPANY |
| Appointed on | 25/04/2003 |
| Resigned on | |

This information has been extracted from public records held at the Registry of Companies in Gibraltar. However, the information is only as accurate as that which is filed by the Company.

For a more in-depth historical record of the Company, it is necessary to carry out a search of the Company's File at Companies House.

Copies of any public documents filed at the Registry are available subject to payment of a fee.

# EXHIBIT D

FedEx Express
Customer Support
Domestic Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone 901-369-3600



June 29,2005

WALTER ONEY
(617) 227-5760

Dear WALTER ONEY:

Our records reflect the following delivery information for the shipment with the tracking number
849072376358. The information is incomplete and we regret the inconvenience this may cause.
However, as stated in the FedEx Service Guide, we assume no liability for our inability to provide
a copy of the delivery record.

Delivery Information:

Signed For By:   G.AIVIZO

Delivered to:

Delivery Date:   June 23, 2005

Delivery Time:   12:48 PM

Shipping Information:

Tracking No:   849072376358          Ship Date:   June 21, 2005

Shipper:   WALTER ONEY          Recipient:   HIGHLAND MARKETING LTD
           ONEY, WALTER                       23 PORTLAND HOUSE
           4 LONGFELLOW PL.                    GLACIS ROAD
           BOSTON, MA 02114                    , 569
           US                                  GI

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx (1-800-463-3339)
Reference No: R2005062900226469022

This Information is provided subject to the FedEx Service Guide.

# EXHIBIT E

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

Civil Docket **MICV2004-05030**

RE:    Sherman v Visionlab Telecommunications, Inc. et al

TO:    Walter Oney, Esquire
       4 Longfellow Place
       Boston, MA 02114

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **07/13/2005**:

*RE: Plff's MOTION to Approve Service by Federal Express on defts The Support Group in Sweden AB & Highland Marketing LLC, memo of law in support of*

**is as follows:**

**MOTION (P#10) After review, the motion is DENIED Dated: July 12, 2005 (Haggerty, Justice) Notices mailed July 13, 2005**

Dated at Cambridge, Massachusetts this 13th day of July, 2005.

Edward J. Sullivan,
Clerk of the Courts

BY:

Leona Kusmirek
Assistant Clerk

Telephone: 617-494-4010 EXT 4251

Copies mailed 07/13/2005

cvdresult_2.wpd 2758083 motden johnson

# EXHIBIT F

USPS - Track & Confirm                                                                    Page 1 of 1

 **UNITED STATES POSTAL SERVICE.**

Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: **RB46 0204 320U S**
Status: **Acceptance**

Your item was accepted at 2:45 pm on July 15, 2005 in BOSTON, MA
02114. Information, if available, is updated every evening. Please check
again later.

---

**Track & Confirm**

Enter Label/Receipt Number.

---

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.  ( Go > )

---

POSTAL INSPECTORS    site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust           Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

