IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL SHERMAN, <br><br> Plaintiff, <br><br> VISION LAB TELECOMMUNICATIONS, INC., ON DEMAND MARKETING LLC, RANDY THOMASON, HIGHLAND MARKETING LLC, BELLSOUTH CORPORATION, TELEDATA SOLUTIONS, INC., and THE SUPPORT GROUP IN SWEDEN, AB, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 05-11545-NG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT VISION LAB'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant Vision Lab Telecommunications, Inc. ("Vision Lab") respectfully moves this honorable Court to dismiss certain of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof, Vision Lab submits its accompanying Memorandum of Law and states as follows:

1.   Plaintiff alleges that Vision Lab engaged in unspecified conduct that causes it to be liable under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated thereunder by the Federal Communications Commission ("FCC"), including 47 C.F.R. §§ 64.1200, 64.1601(e) and 68.318(d), for the sending of unsolicited advertising facsimiles received by Plaintiff.

2.   Plaintiff further alleges that the subject faxes did not contain certain identifying information required by the TCPA and FCC regulations.

3. Plaintiff further alleges that the same conduct violates unspecified provisions of the Massachusetts Telephone Solicitation Law, G.L. 159C and various regulations promulgated pursuant thereto, including 201 C.M.R. §§ 12.00 *et seq.*

4. Plaintiff seeks alleged statutory damages which he claims are available under the cited statutes and regulations and seeks multiple damages for each alleged violation of each allegedly unsolicited advertising fax that he claims to have received. He also seeks an award of costs and attorneys' fees.

5. Plaintiff's claims for damages to the extent they are brought pursuant to the requirements of the TCPA and regulations promulgated thereunder by the FCC to furnish identifying information on each fax must be denied because there is no private right of action available for those alleged violations.

6. Plaintiff's claims for damages, to the extent they are brought pursuant to Massachusetts state law and administrative regulations governing the transmission of documents by facsimile must be denied because all of the faxes at issue are interstate telecommunications transmissions and the State of Massachusetts lacks authority to regulate the use of the instrumentalities of interstate telecommunications. These claims must also be denied because the Massachusetts Telephone Solicitation Law, by its own terms, does not purport to regulate facsimile advertisements.

7. Plaintiff's claim to be awarded statutory damages for each alleged violation by each fax must be denied because he may recover only a single statutory damage award for each fax found to be in violation of the TCPA.

8. Plaintiff's claims for attorneys' fees must be denied because the TCPA does not provide for the award of attorneys' fees.

WHEREFORE, Plaintiffs' claims relating to the alleged violations of 47 C.F.R. §§ 64.1200, 64.1601(e) and 68.318(d), Mass. Telephone Solicitation Law, G.L. 159C and 201 C.M.R. §§ 12.00 *et seq.*, and the request for an award of attorney's fees should be dismissed with prejudice.

Dated: August 24, 2005

VISION LAB TELECOMMUNICATIONS, INC.,

By its attorneys,

*Richard M. Zielinski*
Richard M. Zielinski (BBO #540060)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
(617) 482-1776

Of Counsel:
Samuel S. Cohen
Neal Gerber Eisenberg LLC
2 North LaSalle Street
Suite 2200
Chicago, IL 60602