IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL SHERMAN, | ) |
|         Plaintiff, | ) |
| | ) Case No. 05-11545-NG |
| VISION LAB TELECOMMUNICATIONS, INC., et al., | ) |
|         Defendants. | ) |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT VISION LAB'S RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT**

Defendant Vision Lab Telecommunications, Inc. ("Vision Lab") respectfully submits this reply brief in further support of its motion, brought pursuant to Federal Rule of Civil Procedure 12(e), to compel plaintiff to file a more definite statement to permit Vision Lab to frame a proper responsive pleading that will advance the resolution of this case.

Vision Lab does not seek to impose a significant burden on Plaintiff. Simply put, Plaintiff has failed to resolve two basic issues: 1) under what statute or administrative code section Plaintiff is making a claim, and 2) what conduct of Vision Lab does Plaintiff allege violated a statute or administrative code section?

First, Plaintiff alleges in his Complaint that, upon information and belief, Vision Lab violated one or more sections of the Mass. Telephone Solicitation Law, G.L. 159C and 201 C.M.R. §§ 12.00 *et seq.* (Cmplt., ¶ 16). This mere reciting of statutes, one or more of which Plaintiff claims Vision Lab may have violated, does not satisfy Federal pleading requirements. A plaintiff must set forth a "short and plain statement of the claim that will give the defendant fair notice of the claim" and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). If a pleading is so "vague or ambiguous that a party cannot reasonably be required to frame a respons[e]," a court may grant relief under Federal Rule of

Civil Procedure 12(e) by requiring the plaintiff to provide a more definite statement of his claims. Fed. R. Civ. P. 12(e); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). Here, Plaintiff fails to meet Rule 8(a)'s requirement by failing to put Vision Lab on notice as to which Massachusetts State statute or administrative code section it may have violated, and under which Plaintiff seeks a remedy. *See Turbosound, Inc. v. Eastern Acoustic Works, Inc.*, 672 F. Supp. 575, 577 (D. Mass. 1987) (holding that Plaintiff must specify which statue on which it bases its claim).

Plaintiff argues in his Opposition to Vision Lab's 12(e) motion ("12(e) Opposition Motion") that he has satisfied the requirements of Rule 12(e) by setting forth "the basic facts giving rise to the Plaintiffs' claims" and that he has gone "beyond the requirements of notice pleading by citing the specific statutes and rules on which he bases those claims." 12(e) Opposition Motion at 2. This is not adequate. Merely citing facts that may indicate that *someone* violated *some* statute or administrative code regulation does not allow Vision Lab to formulate a response.

Second, Plaintiff does not articulate the conduct that Vision Lab has allegedly engaged in that violated the Telephone Consumer Protections Act, 47 U.S.C. § 227, or the regulations promulgated thereunder by the FCC. Plaintiff's Complaint alleges that, upon information and belief, Vision Lab had "substantial involvement" in one or more of designing the advertisements, choosing the telephone numbers to which the advertisements were sent, controlling the information in margin headings, controlling the caller identification information supplied during the transmission, contracting for removal services, and transmitting the advertisements. (Cmplt., ¶ 19). This plainly falls short of the standard set forth in Rule 8(e) for the simple reason that Vision Lab's likely response does not advance the litigation. For example, if Vision Lab

contracted for removal services or transmitted the faxes, it would have to admit to having "substantial involvement in one or more" of the enumerated activities, yet neither of the acts would violate the statute or regulations promulgated pursuant thereto. Surely, having brought this claim, Plaintiff knows why he has named Vision Lab and is not merely seeking an opportunity to discover his way into a claim he cannot presently articulate, which would be improper. *See Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1083 (7th Cir. 1987), *cert. dismissed*, 485 U.S. 901 (1988) ("It is not permissible to file suit and use discovery as the sole means of finding out whether you have a case.").

Accordingly, it should not be unduly burdensome for Plaintiff to identify the reasons he has sued Vision Lab, specifically by alleging the conduct that is claimed to have violated the statues and identifying the statutory sections pursuant to which the claims are brought.

WHEREFORE, Vision Lab respectfully requests that this honorable Court grant its Motion For A More Definite Statement.

Dated: October 6, 2005

VISION LAB TELECOMMUNICATIONS, INC.,

By its attorneys,

s/s Richard M. Zielinski
Richard M. Zielinski (BBO #540060)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
(617) 482-1776

GSDOCS\1535886.1