IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL SHERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05-11545-NG |
| VISION LAB TELECOMMUNICATIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## VERIFIED MOTION FOR LEAVE TO WITHDRAW APPEARANCE

Goulston & Storrs, P.C. ("Goulston & Storrs" or "the Firm") hereby moves pursuant to Local Rule 83.5.2(c) to withdraw its appearance in this matter as counsel for Vision Lab Telecommunications, Inc. ("Vision Lab"). In support of its motion, the Firm states as follows:

1. In July, 2005 Vision Lab, through its attorney in Chicago, Neal, Gerber & Eisenberg LLP, retained the Firm to serve as local counsel for Vision Lab in this matter. On or about July 20, 2005, Richard M. Zielinski, Esq., a Director at Goulston & Storrs, entered an appearance on Vision Lab's behalf.

2. Attorney Cohen and Goulston & Storrs agreed that Cohen would be responsible for the majority of the substantive legal work on the matter and that he would seek leave to appear *pro hac vice* in this Court.

3. On August 8, 2005, the Firm sent a letter to Vision Lab's general counsel, Douglas O'Keefe, Esq., confirming the terms of its engagement as local counsel and requesting that he sign and return a copy. Vision Lab never returned a signed copy of the engagement letter. On August 18, 2005 and September 15, 2005 the Firm also sent Vision Lab two invoices for legal services. Vision Lab has not paid either invoice.

1

4. On or about October 3, 2005, Attorney Cohen, who had in fact performed the majority of the substantive legal work on this matter, informed Goulston & Storrs that he was terminating his relationship with Vision Lab. Ethan A. McKittrick, Esq., a Goulston & Storrs associate who is assisting on the Vision Lab matter, called Attorney O'Keefe several times during the week of October 3, to discuss the Firm's status as local counsel. Attorney O'Keefe did not return any of these phone calls.

5. On October 5, Mr. McKittrick called and spoke with Thomas Wawra, President of Vision Lab, concerning the Firm's status as local counsel. Mr. Wawra, however, has not responded to further voice messages since that conversation.

6. On October 6, 2005 Mr. McKittrick sent a letter to Attorney O'Keefe and Mr. Wawra, attaching a revised engagement letter that included a request for a retainer, via fax and U.S. Mail. The letter informed Vision Lab that, if it were unable or unwilling to sign the engagement letter and pay the retainer, Goulston & Storrs would necessarily seek leave to withdraw as local counsel. Vision Lab did not respond to the October 6 letter, and has not returned a signed copy of the revised engagement letter.

7. Since July, consistent with its agreement to serve as local counsel, the Firm's work has consisted primarily of review and minor revision of Attorney Cohen's work to ensure compliance with the requirements of this Court, and administrative duties such as filing motions and briefs. Goulston & Storrs assisted in the removal of the lawsuit to federal court and the filing of a motion to dismiss and a motion for a more definite statement, as well as the filing of reply briefs regarding these motions. The Court has not yet set a hearing date for the argument of these motions or a trial date.

8. Local Rule 83.5.2(c) provides as follows:

> An attorney may withdraw from a case by serving notice of his withdrawal on his client and all other parties and filing the notice, provided that (1) such notice is preceded or accompanied by notice of the appearance of other counsel; (2) there are no motions pending before the court; (3) no trial date has been set; and (4) no hearings or conferences are scheduled, and no reports, oral or written, are due. Unless these conditions are met, an attorney (including one whose services have been terminated by his client) may withdraw from a case only by leave of court.

Because successor counsel has not filed an appearance and there are motions pending, Goulston & Storrs seeks leave of this Court to withdraw as local counsel for Vision Lab.

9.  Massachusetts Rule of Professional Conduct 1.16(b) ("Rule 1.16") provides, in relevant part, that a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if: …

> (4) the client fails substantially to fulfil[l] an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; [or]

> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;

10.  Goulston & Storrs submits that the requirements of Rule 1.16(b)(4) and (5) are met and, therefore, this motion should be granted. First, Vision Lab's non-payment of the Firm's invoices and requested retainer clearly evidence its failure to meet a primary obligation to the Firm regarding its services, and has created an unreasonable financial burden on the Firm. Goulston & Storrs provided Vision Lab with reasonable notice that it would withdraw if Vision Lab failed to sign the engagement letter and pay the requested retainer. Second, Vision Lab's failure to communicate has made Goulston & Storrs's continued representation unreasonably difficult. Vision Lab has not returned Goulston & Storrs's phone calls, has not responded to the Firm's letters, and has not signed and returned the engagement letter. Vision Lab also has not responded to Goulston & Storrs's inquiries about its status as local counsel since its lead counsel has withdrawn.

11. An irretrievable breakdown in the attorney-client relationship has occurred, such that this Court should grant Goulston & Storrs's request for leave to withdraw from representing Vision Lab.

WHEREFORE, Goulston & Storrs respectfully requests that the Court allow its motion to withdraw its appearance and from further representing Vision Lab in this matter, and grant such other relief as it deems just and proper.

Dated: October 28, 2005

VISION LAB TELECOMMUNICATIONS, INC.,

By its attorneys,

s/s Richard M. Zielinski
Richard M. Zielinski (BBO #540060)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
(617) 482-1776

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

The undersigned counsel for the Defendants certifies that he has conferred with counsel for the plaintiff, Walter Oney, Esq., in a good faith effort to resolve the issues presented in this Motion to the greatest extent possible in compliance with the provisions of Local Rule 7.1(A)(2). Attorney Oney stated that he does not object to the allowance of this Motion.

s/s Ethan A. McKittrick
Ethan A. McKittrick (BBO #655392)

Date: October 28, 2005

## VERIFICATION

I, Ethan A. McKittrick, depose and state that I have personal knowledge of the matters set forth in the foregoing Verified Motion for Leave to Withdraw Appearance, except such allegations as are made upon information and belief, and that the matters set forth are true and accurate of my own personal knowledge, information and belief.

SIGNED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY THIS 28 DAY OF OCTOBER 2005.

_____
Ethan A. McKittrick

GSDOCS\1540076.1