UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL SHERMAN,<br>　　Plaintiff,<br><br>　　　　V.<br><br>VISION LAB TELECOMMUNICATIONS,<br>INC.,<br>　　Defendant. | )<br>)<br>)<br>)　CIV. NO. 05-11545-NG<br>)<br>)<br>)<br>) |

GERTNER, D.J.:

**MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION
FOR A MORE DEFINITE STATEMENT AND MOTION TO DISMISS**
March 30, 2006

I.  **INTRODUCTION**

　　Plaintiff, Michael Sherman ("Sherman"), is a private citizen with a facsimile machine connected to his residential phone line. His telephone number is listed on both the National Do Not Call Registry as well as the Massachusetts Do Not Call list.  Despite these listings, plaintiff has received more than 140 unsolicited fax advertisements on his fax machine.  In response, plaintiff brought suit in state court against seven different companies. To date, four of the defendants have been voluntarily dismissed by plaintiff and two have defaulted.  The remaining defendant, Vision Lab Telecommunications ("Vision Lab"), removed the case to federal court.

　　Plaintiff's complaint allocates one "count" to each defendant.  Count One, the count targeted at Vision Lab, alleges that the defendant sent at least 55 of the unsolicited facsimile advertisements received by plaintiff, violating "one or more"

laws from a list including: the federal Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"); regulations of the Federal Communications Commission, including 47 C.F.R. §§ 64.1200, 64.1601(e), and 68.318(d); the Massachusetts Telephone Solicitation Law, G.L. ch. 159C; and regulations of the Office of Consumer Protection and Business Regulation, including 201 C.M.R. § 12.00.

Defendant has moved for a more definite statement pursuant to Fed. R. Civ P. 12(e), and has also moved to dismiss several of the claims included in Count One pursuant to Fed. R. Civ. P. 12(b)(6).  Specifically, defendant moves to dismiss Count One to the extent that it alleges an actionable violation of 47 C.F.R. § 64.1601(e), 47 C.F.R. § 68.318(d), or Massachusetts state law. Defendant also moves to dismiss Count One to the extent that it claims any entitlement to attorney's fees under federal law.[1]

## II.  ANALYSIS

### A.  Motion for a More Definite Statement

---

[1] At the conclusion of defendant's motion to dismiss, defendant notes an interest in dismissing plaintiff's claims under 47 C.F.R. § 64.1200 and his claims to attorney's fees made under state law "[f]or the reasons set forth above."  Because defendant has not made any argument regarding either C.F.R. § 64.1200 or the state law claims to attorney's fees, much less expressly moved for that result, I will not consider either claim as part of the motion to dismiss.  The matter of entitlement to attorney's fees under the TCPA is discussed later in this memorandum.  Defendant has also explicitly disclaimed any attempt to dismiss plaintiff's claims of a violation of 47 U.S.C. § 227(b).

Fed. R. Civ. P. 12(e) provides: "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). However, courts have shown a marked reluctance to grant motions for a more definite statement, noting that the liberal pleading rules established in Rule 8(a) preclude judges from lightly requiring plaintiffs to amend their complaints.  See, e.g., Mitchell v. E-Z Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959) (stating that a party should not be required to amend his complaint if it is sufficient to withstand the motion to dismiss); Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999) (explaining that motions for definite statement are viewed with disfavor and rarely granted).

In general, the "Court will require a more definite statement only when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" Delta Educ., Inc. v. Langlois, 719 F. Supp. 42, 50 (D.N.H. 1989) (quoting 5 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1376).  Put otherwise, the issue is whether defendant is sufficiently "put on notice as to the type of claim alleged,"

<u>Mountain View Pharmacy v. Abbott Laboratories</u>, 630 F.2d 1383, 1386 (10th Cir. 1980), and is capable of responding.

Vision Lab contends that Sherman's pleading has left it incapable of offering an adequate response and argues that Sherman needs to specify the conduct and statutes that establish his claim. Their argument is not wholly without merit. Plaintiff's first amended complaint alleges only that Vision Lab violated "one or more" of several federal and state regulations by engaging in "one or more" of a list of impermissible activities. Although the complaint does provide the larger list of statutes and activities that it accuses Vision Lab of violating/participating in, it never specifies the specific activities or statutes that it believes Vision Lab itself has engaged in/violated. The question, then, is whether this particular means of presenting a claim is legally sufficient. I conclude it is, but only in the particular circumstances of this case.

By citing the relevant statutes and regulations, plaintiff has met the minimal burden imposed by the pleading standards; the opposing party has received notice as to what is at issue in the lawsuit. Each of the enumerated statutes deals with a finite range of acts involving the transmission of unsolicited "advertisement" faxes. Plaintiff's claim is quite simple: that

Vision Lab violated state or federal statutes prohibiting the transmission of unsolicited facsimile advertisements.

Likewise, plaintiff has provided Vision Lab with a sufficiently well-established set of factual allegations to frame an appropriate response.  Sherman alleges that Vision Lab had "substantial involvement" in one or more of the following activities: "designing . . . advertisements, choosing the telephone numbers to which said advertisements were sent, controlling the information supplied in marginal headings on such advertisements, controlling the caller identification supplied to common carriers during the transmission of said advertisements, contacting for so-called removal services . . . and actually transmitting said advertisements."  <u>Complaint</u> at 4.  Sherman has also provided counsel for Vision Lab with two CD-ROM's containing images of the unsolicited facsimiles in question.  In short, Sherman has accused Vision lab of participating in at least one of the various activities engaged in by broadcasters of "spam" facsimiles and has supplied defendants with the relevant evidence.

Providing more detail simply may not be feasible given the facts of this case.  Indeed, requiring it might make it impossible for individuals to bring claims in court against the broadcasters of unsolicited facsimile advertisements.  Spam fax broadcasters are not going to highlight the details of their

involvement in an activity of questionable legality. Accordingly, I think that a heightened standard would undermine the existence of the private right of action existing in this case, and because I believe that Vision Lab has notice sufficient to mount an adequate defense of itself, I hereby **DENY** Vision Lab's motion for a more definite statement.

### B.   Motion to Dismiss

#### 1.   Standard of Review

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory."  LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (citation omitted). A complaint should be dismissed only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

#### 2.   47 C.F.R. §§ 68.318(d) and 64.1601(e)

Plaintiff alleges that defendant is liable under two different regulations -- 47 C.F.R. §§ 68.318(d) and 64.1601(e) -- for failure to provide appropriate identification on the

transmitted facsimiles.  This claim is distinct from plaintiff's claim regarding liability for the transmission of unsolicited facsimile advertisements themselves, which the defendant does not contest at this time.

Defendant contends, and I agree, that the identification requirements codified in 47 C.F.R. 64.1601(e) are not applicable in the present case.  Additionally, there is no private right of action with respect to 47 C.F.R. 68.318(d).  I therefore **GRANT** defendant's motion to dismiss with respect to plaintiff's claims under 47 C.F.R. §§ 68.318(d) and 64.1601(e).

Section 64.1601(e) addresses telemarketing "as defined in section 64.1200(f)(7)."  Id.  Telemarketing is defined by § 64.1200(f)(7) as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." Id.  As such, it appears to apply only to unsolicited telephone calls, and not to unsolicited facsimiles. See, e.g., Missouri ex rel. v. American Blast Fax, Inc., 323 F.3d 649, 657 n.5 (8th Cir. 2003) (explaining the distinction made in the TCPA between live telemarketing calls and faxes).  This interpretation of § 64.1601(e) is bolstered by the existence of a separate regulation addressing the issue of appropriate identification for unsolicited facsimile messages.  See 47 C.F.R.

§ 68.318(d).[2]  Neither regulation uses the terms "facsimile" and "phone call" interchangeably.  Because § 64.1601(e) addresses only the identification requirements for telephone calls, it cannot support plaintiff's complaint regarding unsolicited facsimiles.

In contrast, 47 C.F.R. § 68.318(d), while applicable, does not create a private right of action.  No private right of action is explicitly granted; nor is there evidence that Congress intended to create an implied right of action for violation of the regulation.

In considering whether an implied right of action exists, the critical inquiry is what Congress intended.  See Conboy v. AT&T Corp., 241 F.3d 242, 252 (2d Cir. 2001).  Plaintiff offers no evidence that Congress intended to create a private right of action for the facsimile identification requirements and the text of the TCPA offers no support for this position.  The TCPA,

---

[2] 47 C.F.R. § 68.318(d) reads:

> (d) Telephone facsimile machines; Identification of the sender of the message. It shall be unlawful for any person within the United States to use a computer or other electronic device to send any message via a telephone facsimile machine unless such person clearly marks, in a margin at the top or bottom of each transmitted page of the message or on the first page of the transmission, the date and time it is sent and an identification of the business, other entity, or individual sending the message and the telephone number of the sending machine or of such business, other entity, or individual.

In contrast, 47 C.F.R. 64.1601(e) reads: "(e) Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(7) must transmit caller identification information."

however, *does* provide a private right of action for violations of 47 U.S.C. § 227(b), the subsection that makes it unlawful to *send* unsolicited faxes.[3] But the text of that subsection makes it clear that the private right of action described applies only to "violation[s] of *this subsection* or the regulations prescribed under *this subsection*." 47 U.S.C. § 227(b)(3) (italics supplied).

The parties disagree as to whether 47 C.F.R. § 68.318(d) is a regulation prescribed "under" 47 U.S.C. § 227(b), which does permit a private right of action. The statutory language and scheme, however, support defendant's position. First, the subject matter of the respective sections indicates that § 68.318(d) was most likely created under § 227(d) and not §

---

[3] Section 227(b)(3) provides: (3) Private right of action

I.  A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

   **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

   **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

   **(C)** both such actions.

   If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may,

   in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

227(b).[4]  Both § 68.318(d) and 227(d) relate to the identification requirements for unsolicited facsimiles; § 227(d)(2) directs the FCC to issue regulations on the subject. Section 227(b), on the other hand, relates to the *transmission* of unsolicited facsimiles, without referring to the identification requirements.  As such, it seems unlikely that the facsimile identification requirements found in the regulations were promulgated under § 227(b) and not § 227(d).

Moreover, the FCC has indicated on multiple occasions that § 227(d) is the authority behind its issuance of § 68.318(d).  For instance, a 1997 order issued by the FCC considering the purpose and intent of § 68.318(c)(3) -- the precursor of § 68.318 -- stated: "The purpose of § 68.318(c)(3), which parallels the language of the TCPA, is to ensure that consumers will have the

---

[4] Section 227(b) provides:
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
> (C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . .

Section 227(d), labeled "Technical and procedural standards," provides:
> It shall be unlawful for any person within the United States--
>
> (A) to initiate any communication using a telephone facsimile machine, or to make any telephone call using any automatic telephone dialing system, that does not comply with the technical and procedural standards prescribed under this subsection, or to use any telephone facsimile machine or automatic telephone dialing system in a manner that does not comply with such standards . . .

-10-

information they need to identify the sender of an unsolicited facsimile message.  See 47 U.S.C. §§ 227(d)(1) and 227(d)(2)." 1997 WL 177258 (F.C.C.) (internal citations omitted).  Both current and previous versions of the FCC regulations reveal the same intent.  In a 2003 regulation, the FCC cites § 227(d)(1)(B) as its authority for implementing the regulations in a 2003 order addressing the current version of 68.318(d):  "4. Identification Requirements - 203.  The TCPA and Commission rules require that any message sent via a telephone facsimile machine contain the date and time it is sent and an identification of the business, or other entity, or individual sending the message and the telephone number of the sending machine or of such business, other entity, or individual. 47 U.S.C. § 227(d)(1)(B)." 68 FR 44144 (2003) (internal citations omitted).

Recent case law buttresses this view.  In the past few months, two different district courts have considered this question and each has reached the same conclusion: namely, there is no private right of action under 47 C.F.R. 68.318(d).  Klein v. Vision Lab Telecommunications, 399 F. Supp. 2d 528, 538-40 (S.D.N.Y. 2005) (explaining that there is no private action under 47 C.F.R. § 68.318(d) and that the "TCPA empowered citizens to sue for relief from the problem created by the receipt of unsolicited fax advertisements, not for deficiencies in the faxes received."); Adler v. Vision Lab Telecommunications, Inc., 393 F.

-11-

Supp. 2d 335, 338-39 (D.D.C. 2005) (holding that 47 C.F.R. § 68.318(d) was issued pursuant to 47 U.S.C. § 227(d) and not 47 U.S.C. § 227(b) and therefore allows for no private right of action).

Plaintiff does cite one case in support of his argument that there is an implied right of action, McKenna v. Accurate Computer Services, Inc., 2002 TCPA Rep. 1135 (D. Colo. 2002). In McKenna the court stated:

> Although, no language in the regulation or TCPA itself denotes which TCPA regulations are specific to which subsection, there is also no language that excludes 47 C.F.R. § 68.318(d) from being a regulation under subsection § 227(b). For the purposes of this motion, the Court finds that violation of 47 C.F.R. § 68.318(d) provides an individual with a private right of action under § 227(b)(3)(A).

Id. at *5. With all due respect to the District of Colorado, its reading does little to explain the text and structure of the TCPA, or the language cited above in the FCC orders. Additionally, the logic used by the court is overbroad. It would create the potential for a private cause of action to be found any time an ambiguity exists as to which regulation relates to which statutory provision. This approach would multiply private rights of action in a manner unintended by Congress.

### 3.    **State Law Claims**

Defendant has also moved to dismiss plaintiff's state law claims, asserting that states lack jurisdiction to regulate interstate calls and that G.L. ch. 159C (the Massachusetts Telephone Solicitation Law) does not apply to fax ads.

In support of its first argument, plaintiff notes that the TCPA's legislative history includes the following: "States do not have jurisdiction over interstate calls.  Many States have expressed a desire for Federal legislation to regulate interstate telemarketing calls to supplement their restrictions on intrastate calls."  Telephone Consumer Protection Act of 1991, P.L. 102-243, S. Rep. 102-178 at 3 (1991).  Defendant also cites to three courts of appeal that have mentioned this portion of the legislative history.  See <u>Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.</u>, 156 F.3d 432, 437 (2d Cir. 1998) (explaining that the bill's Congressional sponsors believed "states do not have jurisdiction over interstate calls"); <u>ErieNet, Inc. v. Velocity Net, Inc.</u>, 156 F.3d 513, 515 (3d Cir. 1998) ("Congress recognized that state regulation of telemarketing activity was ineffective because it could be avoided by interstate operations."); and <u>Van Bergen v. Minnesota</u>, 59 F.3d 1541, 1548 (8th Cir. 1995) ("[T]he TCPA was intended not to supplant state law, but to provide interstitial law preventing evasion of state law by calling across state lines.").

However, the only court of appeals to address the question, the Second Circuit, has explained, "[t]his Court is aware of no reasoned legal analysis supporting the belief expressed in the congressional reports that state laws could not reach such unsolicited, interstate advertisements." Gottlieb v. Carnival Corp., 436 F.3d 335, 343 n.9 (2d Cir. 2006). Defendant has pointed to neither a case nor statute that would lead this Court to dispute the Second Circuit's interpretation.

Defendant next argues that the Massachusetts Telephone Solicitation Law does not apply to fax ads. In furtherance of this claim, defendant cites to the definition of "unsolicited telephonic sales call" in Mass. Gen. Laws ch. 159C § 1 (2005). The statute defines an "unsolicited telephonic sales call" as a telephonic sales call

> *other than a call made*: . . . (iv) in which the sale of goods and services is not completed, and payment or authorization of payment is not required, until after a face-to-face sales presentation by the telephone solicitor or a meeting between the telephone solicitor and customer.

Id. (emphasis added). Defendant then argues that because it is impossible to complete a sale by receiving a fax ad, spam faxes fall within the exception to the "unsolicited telephonic sales call" rule quoted above.

-14-

Defendant's position is untenable for two reasons.  First, the exception exists only for calls which require a subsequent face-to-face sales presentation or meeting between the telephone solicitor and customer.  Plaintiff alleges that the fax advertisements neither requested nor required such a meeting, and defendant has not disputed this position.  As such, defendant cannot reasonably argue that its actions fall within this definitional safe harbor.  Second, if defendant intends to argue that all facsimiles fall within the safe harbor provision because it is impossible to complete a transaction via facsimile, its position is refuted by the plain language of the statute.  The statute reads, "A telephone solicitor shall not make or cause to be made an unsolicited telephonic sales call to a consumer: . . . (iii) in the form of electronically transmitted facsimiles . . ." Mass. Gen. Laws ch. 159C § 3.  Given this language, it is obvious that the statute considered facsimile advertisements as falling within the definition of unsolicited telephonic sales calls.

Therefore, I **DENY** defendant's motion to dismiss Count One for failure to state a claim under Massachusetts law.

### 4.  Attorney's Fees

Plaintiff has also requested reasonable attorney's fees and defendant has moved to dismiss plaintiff's claim under the TCPA, but not under Massachusetts State Law.  Because the TCPA does not

provide for an award of attorney's fees and attorney's fees can not be recovered absent explicit Congressional authorization, plaintiff may not recover attorney's fees pursuant to the TCPA. See Klein, 399 F. Supp. 2d at 542.  However, this does not mean that plaintiff is barred from recovering attorney's fees under state law.  See id.  Consequently, defendant's motion to dismiss Count One is **GRANTED**, only in so far as it alleges a right to recover attorney's fees under the TCPA.

**IV.  CONCLUSION**

For the foregoing reasons, I hereby **DENY** Vision Lab's Motion for More Definite Statement (document #19) and **DENY in part** and **GRANT in part** Vision Lab's Motion to Dismiss (document #17).  The motion to dismiss Count One is granted in so far as it alleges an actionable violation under 47 C.F.R. §§ 68.318(d) and 64.1601(e) and a right to recover attorney's fees under the TCPA.  Otherwise, the motion is denied.

**SO ORDERED.**

**Dated:    March 30, 2006         /s/ NANCY GERTNER, U.S.D.J.**