UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL SHERMAN,    ) | Civil No. 05-11545-NG |
|     Plaintiff    ) | |
|     v.    ) | |
| VISION LAB TELECOMMUNICATIONS, ) | |
|     INC., et al.,    ) | |
|     Defendants    ) | |

PLAINTIFF'S MOTION TO OPEN DISCOVERY [RULE 26(d)]

Now comes the Plaintiff and moves this honorable court, pursuant to Fed. R. Civ. P. 26(d), to permit the Plaintiff to proceed with discovery by means of document and deposition subpoenas issued to non-parties only. In support hereof, he says as follows, to wit:

FACTS

1. The Plaintiff commenced this action on December 22, 2004, in the Massachusetts Superior Court for Suffolk County.

2. Pursuant to the Massachusetts Rules of Civil Procedure, the Plaintiff was free to begin discovery immediately after commencement of the action. The Plaintiff did so, issuing approximately 30 subpoenas requesting documents from telephone carriers and others between December 22, 2004 and July 21, 2005.

3. The Plaintiff filed an amended complaint in the state court on June 16, 2005, naming *inter alia* Vision Lab Telecommunications, Inc. (VisionLab) as a defendant.

4. VisionLab caused this action to be removed to this court on July 21, 2005.

5. On July 22, 2005, VisionLab filed an assented-to motion to enlarge the time to answer or otherwise plead until August 10, 2005. This court granted that motion on July 29, 2005.

6. On August 24, 2005, VisionLab filed motions for a more definite statement and to dismiss. The Plaintiff filed oppositions to both motions on September 6, 2005. This court entered its order denying the motion for more definite statement, denying the motion to dismiss in part, and granting the motion to dismiss in part on March 30, 2006.

7. Shortly after July 21, 2005, the Plaintiff's counsel reached an informal agreement with Sam Cohen, Esq., VisionLab's lead counsel, to continue pursuing third-party discovery by means of deposition and document subpoenas. The Plaintiff issued approximately 20 document subpoenas in the name of this court and other federal district courts between July 21, 2005 and August 15, 2005. All such subpoenas complied with Fed. R. Civ. P. 45 and were duly served on VisionLab's counsel. Many of the persons to whom such subpoenas were directed have failed or refused to comply. The Plaintiff did not commence any enforcement actions on account thereof because of VisionLab's motions.

8. On April 4, 2006, this court granted the motion of VisionLab's counsel to withdraw. Said motion was predicated on counsel's inability to communicate with VisionLab and on VisionLab's failure to pay the agreed fee.

## RELIEF REQUESTED

The Plaintiff seeks in this motion permission to conduct third-party discovery by means of document and deposition subpoenas. The Plaintiff proposes to comply with Rule 45(b)(1) by sending copies of all such subpoenas to VisionLab in care of its registered agent in Florida, namely American Information Services, Inc., One S.E. 3d

Ave., 28th Floor, Miami, FL 33131, until such time as substitute counsel files an appearance in this court.[1]

The Plaintiff is being prejudiced by his inability to conduct discovery. As the court noted in its March 30 memorandum, "[s]pam fax broadcasters are not going to highlight the details of their involvement in an activity of questionable legality." [Slip Op. at 5-6] The Plaintiff's memorandum in opposition to VisionLab's motion for a more definite statement highlights many circumstances that make the court's observation a considerable understatement. These circumstances include omitting required header information, faking or spoofing long-distance carrier codes, registering internet domain names through anonymizing services, and using toll-free numbers that cannot be reverse-looked-up. To pierce the veil of obfuscation thrown up by VisionLab, and by other parties who share responsibility for the large number of junk faxes the Plaintiff received, the Plaintiff needs access to the business records kept by telephone carriers, inbound call centers, and advertisers located throughout the United States. These entities will not cooperate voluntarily; in many cases, they are under legal restraint not to cooperate except upon receipt of valid coercive process. The Plaintiff believes that some of the entities from whom he needs information have gone out of business in the past 18 months. Some have been cited by the FCC. Some have even been indicted by the SEC for their role in the stock tout faxes that seem to flood the Plaintiff's fax machine.

Time, in short, is wasting away along with memories, documents, and computer records.

---

[1] Attached hereto as is a true and complete copy of the 2005 Amended Annual Report filed by VisionLab with the Florida Secretary of State on May 11, 2005. The Plaintiff's counsel downloaded this document on April 4, 2006, from http://www.sunbiz.org.

The Plaintiff now faces the prospect of not having anyone with whom he can conduct a Rule 26(f) conference until at least the end of April (by which time VisionLab is supposed to have retained other counsel). Given the history of non-communication VisionLab has already demonstrated with respect to its own counsel, there is no reason to believe that VisionLab will willingly cooperate with its adversary. The Plaintiff suggests that the continued prejudice to his ability to prepare his case outweighs any interest that VisionLab might have in delaying the resumption of discovery. He therefore respectfully asks that the court grant this motion and allow him to conduct third-party discovery, with notice to VisionLab's registered agent for the time being, by means of document and deposition subpoenas.

Dated: April 4, 2006

MICHAEL SHERMAN, by his attorney,

/s/ Walter Oney
Walter Oney (BBO # 379795)
4 Longfellow Place
Boston, MA 02114
Tel: 617-227-5620
Fax: 617-227-5760

-5-

CERTIFICATE OF SERVICE

I hereby certify that I served copies of the within document on the parties entitled to receive them by mailing them by first-class mail, postage prepaid, as follows:

Vision Lab Telecommunications, Inc.
c/o American Information Services, Inc.,
One S.E. 3d Ave., 28th Floor
Miami, FL 33131


Dated: April 4, 2006

>/s/ Walter Oney
>Walter Oney

DOCUMENT# P96000080143

**Entity Name:** VISION LAB TELECOMMUNICATIONS, INC.

| | |
|---|---|
| **Current Principal Place of Business:** | **New Principal Place of Business:** |
| 1680 MICHIGAN AVENUE<br>SUITE 1106<br>MIAMI BEACH, FL  33139     US | |
| **Current Mailing Address:** | **New Mailing Address:** |
| 1680 MICHIGAN AVENUE<br>SUITE 1106<br>MIAMI BEACH, FL  33139     US | |

FEI Number: 65-0702814     FEI Number Applied For ( )     FEI Number Not Applicable ( )     Certificate of Status Desired ( )

**Name and Address of Current Registered Agent:**     **Name and Address of New Registered Agent:**

AMERICAN INFORMATION SERVICES, INC.
ONE S.E. 3RD AVENUE
28TH FLOOR
MIAMI, FL  33131  US

The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.

SIGNATURE: _____
           Electronic Signature of Registered Agent                                    Date

**OFFICERS AND DIRECTORS:**                    **ADDITIONS/CHANGES TO OFFICERS AND DIRECTORS:**

Title:       DP         ( ) Delete                Title:       DP          (X) Change  ( ) Addition
Name:       GIORDANO, PASQUALE                    Name:       WAWRA, THOMAS
Address:    1680 MICHIGAN AVENUE, SUITE 1106      Address:    1680 MICHIGAN AVENUE, SUITE 1106
City-St-Zip: MIAMI BEACH, FL  33139               City-St-Zip: MIAMI BEACH, FL  33139

I hereby certify that the information supplied with this filing does not qualify for the for the exemption stated in Section 119.07(3)(i), Florida Statutes.  I further certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with an address, with all other like empowered.

SIGNATURE:  THOMAS WAWRA                                    DP            05/11/2005
            Electronic Signature of Signing Officer or Director                      Date