```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
_____
                                    )
MICHAEL SHERMAN,                    )
     Plaintiff,                     )
                                    )
     v.                             ) Civ. Action No. 05-11545-NG
                                    )
VISION LAB TELECOMMUNICATIONS,      )
INC., HIGHLAND MARKETING LLC,       )
THE SUPPORT GROUP IN SWEDEN, AB,    )
     Defendants.                    )
_____)
GERTNER, D.J.:
```

**MEMORANDUM & ORDER RE:  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
February 6, 2007

I. **INTRODUCTION**

Plaintiff Michael Sherman ("Sherman") brought this action against multiple defendants for violations of the Federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1), and Massachusetts Telephone Solicitation Law ("MTSL"), Mass. Gen. Laws ch. 159C, § 3.  His claims against a number of defendants were voluntarily dismissed.  Default was entered against the three defendants here, Vision Lab Telecommunications, Inc. ("Vision Lab"), The Support Group in Sweden AB( "Support Group"), and Highland Marketing LLC ("Highland").  Plaintiff now moves for default judgment against these three defendants.

As is proper following default, the Court takes as true the facts alleged by plaintiff and makes all reasonable inferences therefrom.  The Court accepts as true the facts alleged in plaintiff's complaint and his memorandum in support of his motion for default judgment (document #43).

## II. AVAILABLE REMEDIES

Each violation of the TCPA gives rise to a private cause of action for statutory damages of $500 per violation (each fax is a separate violation). 47 U.S.C. § 227(b)(3). If the violation was "knowing or willful," the Court may increase the statutory award up to $1,500 per violation. Id. A violation is "knowing" if the defendant "knew or should have known that it was engaging in activities that could constitute a violation of the statute." In re Intercambio, Inc., 3 F.C.C. Rcd. 7247, 7251 (FCC 88-158, July 8, 1988). A violation is "willful" if "the actor consciously and deliberately committed or omitted an act, irrespective of any intent to violate any provision of the Communications Act of 1934 or any rule or regulation of the Federal Communications Commission." In re Southern Broadcasting Co., 6 F.C.C. Rcd. 4387, 4387 (FCC 91-204, July 17, 1991). In other words, the defendant must have intended to commit the act that constituted the violation.

Each "knowing violation" of the MTSL gives rise to a private cause of action for statutory damages of "not more than $5,000." MASS. GEN. LAWS ch. 159C, § 8. The statute and legislative history do not elaborate on the meaning of "knowing," and there are as yet no published cases for such violations. Several Massachusetts statutes use the phrase "knowing violation" without elaboration, and courts have interpreted it as meaning that the

defendant must have had subjective intent to commit the act at the time it was committing the act -- i.e. that the act was not the result of negligence. Computer Systems Engineering, Inc. v. Qantel Corp., 571 F. Supp. 1365 (D.Mass. 1983); Still v. Commissioner of Empl. & Training, 423 Mass. 805, 813 (1996).

### III. VISION LAB AND SUPPORT GROUP

Plaintiff alleges in his complaint and in his motion for default judgment that Vision Lab sent him 43 unsolicited fax advertisements. Each of these faxes would constitute a violation of both 47 U.S.C. § 227(b)(1) and Mass. Gen. Laws ch. 159C, § 3.

Since Vision Lab's main activity was the sending of unsolicited faxes, since the content of the faxes shows that they are aimed at an audience of strangers, and since plaintiff received 43 such faxes, it is reasonable to infer that Vision Lab intended to send unsolicited commercial faxes. Thus, Vision Lab's violation was "knowing" under both the TCPA and the MTSL.

Each of the 43 faxes sent by Vision Lab listed a "remove" phone number -- a number that a recipient is invited to call to remove him or herself from the sender's database so they no longer receive faxes. Such numbers are a sham -- unsolicited faxes are already unlawful under Mass. Gen. Laws ch. 159C, § 3 and 47 U.S.C. § 227(b)(1) without the recipient having to specially request not to receive them. The "remove" numbers on several of Vision Lab's faxes are traceable back to Support Group. Support

Group is a business that owns many phone numbers and contracts to allow the senders of faxes to include those phone numbers on their faxes, just as Vision Lab did here.  It is a reasonable inference that Support Group contracted with Vision Lab, with Vision Lab paying Support Group to use these phone numbers on the faxes sent to plaintiff.

While Support Group did not send any faxes itself, it engaged in a civil conspiracy with Vision Lab: By contracting to provide its phone numbers for use on Vision Lab's faxes, Support Group intentionally formed an agreement with Vision Lab to help Vision Lab conduct an unlawful act.  It is a reasonable inference that Support Group, a specialized company contracting only with companies sending unsolicited commercial faxes, knew that Vision Lab was using the phone numbers for an unlawful act.  Indeed, there is no use in providing dummy phone numbers to a business sending only lawful, solicited, faxes.

As a civil conspirator under both state and federal definitions, Support Group is liable for the 43 unlawful acts committed by its co-conspirator, Vision Lab.  For the same reasons that it is reasonable to infer Support Group's intention to conspire in the commission of unlawful acts for the purpose of determining conspiracy, it is also reasonable to infer that Support Group intended to sell its phone numbers to Vision Lab to

be included in unsolicited commercial faxes, so that Support Group's actions were "knowing" under both the TCPA and the MTSL.

Thus, Support Group is jointly and severally liable for all of the violations committed by Vision Lab.  Plaintiff claims separate statutory damages from Support Group on top of those from Vision Lab, however, both the TCPA and MTSL are clear that statutory damages are a function of the number of "violations," not the number of defendants.  47 U.S.C. § 227(b)(3); MASS. GEN. LAWS ch. 159C, § 8.  Support Group helped Vision Lab compile the content of its faxes, but still plaintiff received only 43 faxes in which either defendant had a hand.

Vision Lab and Support Group are thus jointly and severally liable for statutory damages arising from these 43 faxes.

## IV. **HIGHLAND**

Plaintiff alleges that Highland, like Vision Lab, sent him unsolicited faxes under MASS. GEN. LAWS ch. 159C, § 3 and 47 U.S.C. § 227(b)(1).  Plaintiff alleges only 3 faxes by Highland, and does not allege that Support Group was contracted with Highland in any way.

Highland's conduct can be inferred to be "knowing" for the same reasons that Vision Lab's can.  Thus, Highland is singly liable for statutory damages arising from these 3 faxes.

**V.     ATTORNEYS FEES**

Plaintiff is entitled to attorneys fees from each defendant under MASS. GEN. LAWS ch. 159C, § 8(c). Plaintiff has not requested a specific amount of attorneys' fees and costs, nor has he submitted supporting documentation.

**VI.    CONCLUSION**

Defendants Vision Lab Telecommunications, Inc., and The Support Group in Sweden AB are jointly and severally liable for statutory damages arising from the sending of 43 faxes in violation of 47 U.S.C. § 227(b)(1) and MASS. GEN. LAWS ch. 159C, § 3. Defendant Highland Marketing LLC is singly liable for statutory damages arising from the sending of 3 faxes in violation of those statutes.

Therefore, for the reasons set forth above, Plaintiff's Motion for Default Judgment as to Vision Lab Telecommunications, Inc.; the Support Group in Sweden Ab; Highland Marketing LLC, (document #42) is **GRANTED IN PART.** Plaintiff shall submit time records and appropriate documentation in support of his claim for attorneys' fees and costs. Such materials are to be submitted to the Court by **March 8, 2007.** Upon receipt of these materials, attorneys' fees and statutory damages will be awarded as the Court deems proper.

**SO ORDERED.**

**Date:  February 6, 2007**          */s/Nancy Gertner*

NANCY GERTNER, U.S.D.C.

NANCY GERTNER, U.S.D.C.